FREDERICK C. GEBHARD, Appellant, *vs.* EASTMAN & GIBSON, Respondents.

APPEAL FROM THE DISTRICT COURT OF HENNEPIN COUNTY.

Where in an action on a note made by a corporation, it appears in the complaint that the maker was a trading corporation of the character authorized to execute promissory notes in the legitimate course of its business, it is not necessary to allege the facts showing that the note was one authorized by the charter. It will be presumed until the contrary appear. If it was not it should be pleaded in defence.

The liability created by the eighth section of the Charter of the St. Anthony Falls Water Power Company (*Sess. Laws of* 1856, *p.* 215,) includes all stockholders at the time the debt was contracted, and parties subsequently voluntarily becoming stockholders before satisfaction of the debt. It is not necessary to sue the corporation in the first instance.

## Points and Authorities of Appellant.

I.—It does not appear upon the complaint that the alleged notes of the corporation upon which suit is brought, were made within the legitimate scope of the corporate authority, or that they were valid liabilities of the corporation. *McCullough vs. Moss,* 5 *Denio,* 567.

II.—It does not appear upon the complaint that the Defendant was a stockholder at the time suit was brought. *McCullough vs. Moss,* 5 *Denio,* 567.

III.—It does not appear upon the complaint that the alleged notes were executed in the manner required by the charter of said corporation or were authorized by said corporation.

IV.—The Plaintiff has not shown any demand or recourse against the corporation prior to proceeding against the Defendant.

Under the policy and provisions of our general laws, recourse should be first had against the corporation, and the legal remedies against the same first exhausted before proceeding against the stockholder, unless in a proceeding in equity, where the rights of all persons interested are settled

and adjusted. *Comp. Stats. Minn.*, secs. 322-23-24, *p.* 332-33; sec. 20, *ib.* 609; *Pratt vs. Bacon,* 10 *Pick.,* 125, 127; *Harris vs. Parish in Dorchester,* 23 *Pick.,* 112.

V.—The Charter of the Water Power Company makes no provision as to the remedy against the stockholder in such case, and therefore the same is regulated by the general law. See *Charter, Sess. Laws of* 1856, *p.* 217.

The Appellant desires in case of a decision adverse to him, that leave may be granted by the Supreme Court to answer under the statute.

Points and Authorities for Respondents.

I.—The Saint Anthony Falls Water Power Company, by its Charter, is possessed of an unlimited scope of authority, to do any and all acts which the members might do individually. *Sess. Laws of* 1856, *p.* 215.

II.—Each stockholder at the time when the debt was incurred, is individually and originally liable without recourse to the company. 2 *Wend.,* 327; 6 *ib.,* 335; 2 *Hill,* 268; 2 *Denio,* 122.

III.—It appears by the complaint that the notes were duly executed by the corporation.

SANBORN & LUND, Counsel for Appellant.

D. A. SECOMBE, Counsel for Respondents.

*By the Court*—FLANDRAU, J.—The complaint was upon three promissory notes executed by the St. Anthony Falls Water Power Company,—the first one bearing date on the 15th day of October, 1858, and the last one on the 15th day of May, 1859. The suit is brought by the holder against the Defendant as one of the stockholders of the company, upon the individual liability created against the stockholders by section eight of the Charter, which reads as follows:

"Each of the stockholders of said company shall be personally liable for the debts of said company to an amount equal to the amount of the capital stock held by such stockholder, and no more."

The complaint alleges that the Defendant was a stockholder to the amount of five thousand dollars from the date of the first note to the date of the last, both inclusive, but does not allege that he was a stockholder at the time of the commencement of the action.

The charter of the company by section 1, (*Laws of* 1856, *p.* 215, *sec.* 1,) confers upon the corporation very general powers of buying, selling and owning property, &c., and among other things declares as follows: "And to do any and all acts that the members thereof might or could lawfully do as individuals." The ninth section declares the object of the corporation to be the improvement of any water power owned or possessed by the company, and the erection of mills, buildings, or other structures, for the purpose of manufacturing in any of its branches.

The complaint is demurred to on the ground that it does not state facts sufficient to constitute a cause of action, and the reasons assigned are, *first*, that it does not appear that the notes were made within the legitimate scope of the corporate authority, &c. It has become very well settled we believe that trading corporations may make promissory notes for any indebtedness contracted within the sphere of their charters, and this Court has frequently so held. The very general powers of the St. Anthony Falls Water Power Company, would authorize that corporation to execute a promissory note for any debt in the very many branches of business in which it is empowered to embark. Where, therefore, from the nature of the corporation, it may execute promissory notes, the presumption will be in the first instance that they are made within the scope of the powers of the corporation. If such in fact was not the case, the corporation might plead it in defence. Where the complaint as in this case refers to the charter, which shows a corporation competent to make notes, it is unnecessary for the Plaintiff to allege the facts showing for what the note was given.

The next question is, what class of stock-holders does the individual liability attach to. Is it such as were stockholders at the time the debt was contracted, or such as were stockholders when the suit was commenced?

Gebhard v. Eastman & Gibson.

In New York it was held in the Supreme Court under a charter containing the following provision :—" The stockholders in said corporation shall be jointly and severally personally liable for the payment of all debts or demands contracted by the said corporation or their authorized agents, and any person having any demand against the said corporation, may sue any stockholder, director or directors, in any Court having cognizance thereof, and recover the same with costs,"—that only such as were stockholders at the time the debt was contracted were personally liable. 2 *Hill*, 265. This case was subsequently overruled in the court of errors, (5 *Denio*, 567,) and it was there held that the personal liability only attached to such as were stockholders when suit was commenced.

Both of these decisions involve difficulties which we find it hard to reconcile with the object of the legislature in creating this personal liability on the part of stockholders in corporations, and particularly so, where, as in the case at bar, the liability is limited to the amount of the stock owned by the member. In the first case, where it is attempted to confine the liability to such as were stockholders when the debt was contracted, it brings us in collision with the language of the charter which makes no such distinction, but declares that " each of the stockholders of said company shall be personally liable for the debts of said company," &c., without regard to the time when he became a member. It must be presumed that parties becoming members of corporate bodies which are involved in debt, do so on better terms than would be accorded to them if the same body was in a prosperous and unembarrassed condition, and this because of the liabilities incurred by them on account of existing indebtedness. There certainly can be no hardship in holding the charter to include parties becoming stockholders subsequent to the contracting of the debt, because they have the privilege of making terms accordingly, or keeping out altogether if unwilling to assume the obligation.

On the other hand should we hold that only those who were stockholders when suit was commenced were liable, we would place parties dealing with corporations in the power of the members upon whose personal credit they may have relied,

by permitting them to shuffle off the liability upon irresponsible parties at any time before the maturity of the debt. Neither of these views accord with our ideas of the provision in question. It evidently was designed to afford an additional security to creditors of the corporation, and is therefore to be construed liberally to that end. We have therefore concluded that this particular charter creates a personal liability against each stockholder at the time the debt was contracted, and all that may voluntarily become so at any subsequent period prior to satisfaction. We think also that the liability is a principal one, and not as surety for the corporation, and that it is not necessary to proceed against the corporation in the first instance. The legislation of 1858 on the subject of corporations (*Comp. Stats.*, 332-33, *secs.* 322-23-24,) to which we are cited to show that the corporation is the primary debtor, go only to the manner in which the judgment is to be satisfied, and not to the point that suit may not be maintained against the individual member in the first instance. We however refrain from placing any construction upon this act, because it will be seen that its provisions only extend to such corporations as have organized under it, or having been previously organized, have adopted their charters to its provisions. See *secs.* 331-32-33.

The order overruling the demurrer is affirmed. The Defendant may answer over within twenty days from notice of this decision.