## OSSIAN E. DODGE

### *vs.*

## THE MINNESOTA PLASTIC·SLATE ROOFING COMPANY et al

The complaint, in an action against a corporation and sundry stockholders therein, alleged a judgment recovered against the corporation on a contract made between it and respondent in the sum of $283.15, the issuance of execution thereon, and its return unsatisfied, and that the judgment was unpaid ; that said stockholders were such from the making of said contract to the commencement of this action, holding each not less than ten shares of fifty dollars a share, and demanded judgment against them for said sum of $283.15. *Held*, not demurrable on the ground that it did not state facts sufficient to con stitute a cause of action against said stockholders; that the said contract between the corporation and respondent was not the joint contract of the corporation and stockholders on which respondent's cause of action is merged in the judgment, by virtue either of the *Constitution, art.* 10, *sec.* 3, or *Gen. Stat. ch.* 34, *sec.* 10. It cannot be inferred from said section, that there is to be but one action, and that, an action in which the liability of the corporation, as well as that of the stockholder, is raised and determined.

This action was commenced in the court of common pleas, Ramsey county, against the Minnesota Plastic Slate Roofing Company, a corporation, and three of the stockholders therein, to recover the amount of a judgment which had been recovered by the plaintiff in an action against the corporation alone, on which execution had been returned unsatisfied.

The defendants, other than the corporation, demurred to the complaint on the ground that it did not state facts

sufficient to constitute a cause of action against them; "because the complaint shows that although the plaintiff originally had a cause of action against the defendant, The Minnesota Plastic Slate Roofing Company, and these defendants jointly, it also shows that said cause of action merged in a judgment against the defendant, The Minnesota Plastic Slate Roofing Company, upon which judgment no action lies against these defendants." The court overruled the demurrer, and said defendants appeal from the order overruling the same to this court. The allegations of the complaint appear more fully in the opinion of the court.

STEARNS & START for Appellants.

H. J. HORN for Respondent.

*By the Court*—RIPLEY, CH. J.—The respondent brought an action in the court of common pleas for Ramsey county, against said Roofing Company, a corporation organized under the general laws of Minnesota, to recover damages for a breach of contract in the inferior quality and imperfect and unskillful construction and insufficiency, for its purpose, of a roof constructed and furnished for him by said corporation on a certain tenement of his in St. Paul, and recovered judgment for $283.15. Execution issued, and was returned unsatisfied after due search and demand on the officers of the corporation for corporate property, and the judgment is wholly unpaid. The other defendants, from the time of making the contract to the commencement of this action, were and are stockholders in said corporation, holding each not less than ten shares of fifty dollars a share.

The complaint in this action states these facts, and

demands judgment against the defendants for said sum. Said stockholders demur on the ground that the complaint does not state facts sufficient to constitute a cause of action against them.

The reason assigned is, that respondent's cause of action, to recover damages as aforesaid, was against said corporation and its stockholders jointly, and that it is merged in the judgment; that, therefore, no joint subsisting cause of action is alleged, as it is necessary there should be.

The original cause of action grew out of a breach of contract    Unless that contract was the joint contract of the corporation and the stockholders, the demurrer is not well taken.

The doctrine of merger can be applied only to a case in which the original declaration was on a joint covenant, not to a case in which the declaration in the first suit was on a sole contract    *Sheehy vs. Mandeville*, 6 *Cranch.* 25.5 *Robertson vs. Smith*, 18 *Johns.* 459

The contract purports to have been with the corporation alone.    Is it nevertheless the contract also of the stock holders by virtue of our constitution or existing laws?

*Art.* 10, *sec.* 3, *of the Constitution*, reads as follows ' "Each stockholder in any corporation shall be liable to the amount of the stock held or owned by him."

On this, two questions arise.    First, *for what*, is he thus liable?    The answer is obvious, viz: for *all* the corporate liabilities.    But, second, what is the character of the liability?    *How* is he *thus* liable?    The corporation may be liable on contract or in tort.    Are all stockholders co-contractors, or co-trespassers, as the case may be?

The question would seem to answer itself.    But if it be necessary to illustrate the groundlessness of such a position, under the constitution, with respect to contracts, (as to torts it cannot be necessary) it would seem to be quite suffi-

cient to call attention to the fact, that if each stockholder is a co-contractor with the corporation, so must he be with each and every other stockholder. A and B for example, cannot be jointly bound with C in one and the same promise to D, and not be at the same time, bound to him jointly with each other; and upon defendants' theory, a complaint against a corporation on a promissory note would be bad, and the suit liable to be abated, if every stockholder were not made a party.

The plaintiff in such action could not select such as he chose, as appellants appear to think he might. But it is not necessary to pursue the subject.

The appellants, however, rely on *Gen. Stat. ch.* 34, *sec.* 10, as involving their proposition, not by direct enactment, but by necessary implication. That section, in their opinion, clearly implies that there is to be but one action, and that an action in which the liability of the corporation, as well as that of the stockholder, is raised and determined; and as the liability of the stockholder can only be reached by thus impleading him with the corporation, it follows, that his liability is a joint liability with the corporation.

This deduction rests in the assumption that the statute clearly implies that there is to be but one action—an assumption, which is not only not warranted, in our opinion, by the language of the section taken by itself, but which is altogether precluded by that of the section immediately preceding, which provides that the "private property of such stockholder," shall be "liable for corporate debts," in the cases thereinafter specified.

His property is liable in those cases "for corporate debts," but by the constitution he is responsible for all the *liabilities* of the corporation.

By no construction can debt be held to include a liability

for a trespass for instance; yet, the legislature certainly did not mean to restrict the liability imposed by the constitution. This language, therefore, would necessarily seem merely to forbid taking his property upon such claims, before their adjudication and reduction to the status of a debt, as distinguished from a liability to respond in damages for a tort. Now, if so, there must be more than one action, since the issue to be raised and determined in the action to which section ten refers, is whether or not the stockholder is liable for a corporate *debt*, and such a debt *must exist before such an issue can arise.*

But further, and this seems to us to be entirely conclusive on the point, a stockholder is, by said 'section 9, made personally liable for the corporate debts without regard to the amount of his stock in several cases, of which those specified in the third subdivision need alone be considered.

Suppose the president of a corporation to have been guilty of a delinquency therein specified, of which, however, the public and his associates are alike ignorant.

A creditor sues the corporation and *its* stockholders, including such officer, in one action on a corporate note, as the appellants contend should be done, and levies his execution on such officer's private property to the amount of his stock, (under sub. 4.) Afterwards the delinquency comes to light. Though the judgment be but partly paid, and there be no corporate property, owing to this very delinquency, and though such delinquent be the only solvent stockholder, his private property can be no further reached, if the appellants are right.

On their theory the statute contemplates but one action, and that an action in which the liability of the corporation on the note, as well as that of the stockholder, shall be raised and determined. That has been had. No further execution

on the judgment therein can be levied on the stockholder's private property, for such a levy would be made upon an execution issued in an action in which the issue as to his liability in consequence of such delinquency has not been raised and determined.

We might also advert in this connection to section 165, as strongly against appellants' theory, but we do not think it necessary. Though it cannot indeed be denied that the section in question (sec. 10) is sufficiently blind, it is quite clear that when read in connection with what precedes, it will not bear the construction which the appellants seek to put upon it.

Nor is it at all incapable of a reasonable construction, in harmony with the preceding section, and recognized modes of procedure, as well as with the constitution.

"In sections nine, ten and eleven," say the commissioners for the revision of the statutes, "will be found provisions in relation to the liability of a stockholder's private property for the payment of corporate debts, and the mode of reaching the same." *Rep. p.* 11.

Sections ten and eleven relate to the mode of reaching private property liable for a corporate debt. The meaning of these sections is, in our opinion, that it is to be reached by the levy thereon of an execution issued upon a judgment recovered in an action against both corporation and stockholder, for the purpose, as to the latter, of establishing his liability for a corporate debt. If that debt is a judgment against the corporation, while the action lies thereon against the corporation, the extent of the individual liability of the stockholder would probably be the only matter in issue.

The commissioners, we think, had in mind the opinion expressed by the court in *Gebhard vs. Eastman,* 7 *Minn.*

56, that *sections* 322, 323, 324, *of ch.* 17, *of the Compiled Statutes*, upon which sections ten and eleven are based, did not go to the point that suit must in the first instance be brought against the corporation, but only to the mode of satisfying the judgment; and in that case, it would seem from those sections, that an execution issued on a judgment against the corporation, might be levied against private property, without any opportunity to the stockholder to contest his liability, and also though there should *in fact* be corporate property whereof to make the debt.

The commissioners designed to substitute for these provisions others sufficient to protect the public, but more likely to attract capital to the state, (*Report of Commissioners, p.* 11,) and to give the stockholder an opportunity to have the issue as to his liability regularly raised, and fully determined, before his private property could be taken, in an action in which he could raise the question, not only whether he was liable at all as a stockholder, but if so, whether there was not, *in fact*, corporate property which ought to be first applied upon the debt, and in that event to have it so applied under the direction of the court.

Otherwise, he would wholly lose the benefit o. that defense, since section 323, which provides for it is repealed, and by section 11, an execution might be levied on private property after mere demand on, and refusal of an officer of the corporation to point out corporate property, though there might in fact be such, while by the repeal of section 324, the indemnity therein, in such case provided for, is taken away.

In this connection we may refer to the use of the word "*impleaded*," in said section eleven. As its original and more appropriate use is in connection with equitable actions, it seems here to negative the theory that the suit in which

Langford v. The Commissioners of Ramsey County.

the stockholder must thus be made a party is in the nature of a common law action against the corporation and himself as joint obligor.

It is not necessary for us to decide whether or not, in any, and if so, in what cases a suit may be brought in the first instance against the corporation and the stockholders, or a part of them. Whether or not, for example, the respondent might have joined these defendants with the corporation in the action for damages for the corporation's breach of contract.

Clearly he was not bound so to do.

Order affirmed.