WILLIAM ALLARD vs. HERBERT HILDRETH.

Middlesex.   December 15, 16, 1898. — March 2, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Negligence — Action.*

A person was injured by an explosion of powder in a hole drilled in a ledge of rock, where there had been an attempt to fire the hole followed by a previous explosion, the tamping remaining in the hole, which he was assisting to remove by holding a drill while two men, one being the employer's superintendent, struck it with hammers, and by spooning out the packing as it was loosened. The explosion which injured him occurred as the work went on after the superintendent had repudiated a suggestion by a workman that water should be put in the hole before it was drilled out. The injured person was a quarryman understanding his work, knowing the purpose of pouring in water as suggested, knowing that there might be an unexploded charge in the hole, and that driving in the drill in the manner adopted was liable to cause an explosion. *Held,* that an action for the injury could not be maintained, under the employers' liability act, St. 1887, c. 270.

TORT, under the employers' liability act, St. 1887, c. 270, for personal injuries occasioned to the plaintiff by an explosion of powder. At the trial in the Superior Court, before *Sherman, J.,* the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*F. E. Dunbar,* for the defendant.

*W. H. Bent,* for the plaintiff.

HOLMES, J. This is an action for personal injuries alleged to have been caused by the negligence of a person in the service of the defendant exercising superintendence. The alleged superintendent was one Orrin Carkin, and we assume, for purposes of decision, that there was some evidence that he was a superintendent within the statute. There had been an attempt to fire two holes in a ledge of rock, followed by an explosion, but the tamping remained in the hole. The plaintiff saw Carkin dig the tamping out of one of these holes and begin work upon the second. Then his son, Frank Carkin, took his place, and Orrin Carkin walked away. At a distance of twenty or thirty feet he turned toward a group of workmen, of which the plaintiff was one, and said, " Some one ought to help him clean that hole out." The

plaintiff went to Frank Carkin and held the drill, while Carkin struck it with a hammer. A little later Orrin Carkin returned, and began striking the drill with his hammer also, the plaintiff spooning out the packing as it was loosened. The plaintiff heard some one say, "Somebody ought to put some water in that hole before you drill it out," and Orrin Carkin reply, " Don't want to put any water in it. I want to fire it out as soon as we get it cleaned out." The work went on, and the explosion followed which hurt the plaintiff. One expert testified that, in a case like this, when the hole is tightly packed, water ordinarily is poured in. Another testified that one of the methods employed was that adopted, except that it was not customary for two men to strike the drill. The plaintiff was a quarryman understanding quarryman's work. He knew the purpose of pouring in water as suggested, knew that there might be an unexploded charge in the hole, and knew that driving in the drill in the manner adopted was liable to cause an explosion.

Upon this state of facts, we are of opinion that the plaintiff is not entitled to recover. See *Kenney* v. *Shaw*, 133 Mass. 501. The only act of Carkin which could be called an act of superintendence was repudiating the suggestion that water should be put in the hole. It is going a little far, perhaps, to hold that this might be found to be negligent on the evidence reported, but we assume that it might be. But whatever danger there was, the plaintiff understood as well as the superintendent who shared his risk. He continued at work, knowing all the facts and appreciating the risk. He had received no assurance that it was safe, as in *Malcolm* v. *Fuller*, 152 Mass. 160, and *McKee* v. *Tourtellotte*, 167 Mass. 69. The only ground on which it could be held that he was not on an equal footing with the superintendent, or with his employer, is his subordinate position. But if that were enough, it would put an end to the defence of contributory negligence. We cannot make a distinction because of the presence of the superintendent. *Haley* v. *Case*, 142 Mass. 316, 322. *Wescott* v. *New York & New England Railroad*, 153 Mass. 460.

*Exceptions sustained.*