THEODORE R. CONVERSE, receiver, vs. JAMES B. AYER.

Suffolk.    November 11, 1907. — February 28, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Corporation,* Foreign, Statutory liability of stockholder.    *Conflict of Laws.*    *Receiver.*    *Judgment.*    *Notice.*    *Constitutional Law.*

In an action of contract by a receiver of a Minnesota corporation against a Massachusetts shareholder therein to recover an amount levied upon the defendant's shares as an assessment by a decree of a Minnesota court under a section of the State constitution of Minnesota which provided that "each shareholder in any corporation, except those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him," it appeared that the court which decreed the assessment had appointed the plaintiff receiver and that it was a State court of general jurisdiction, that it had empowered the receiver to collect the assessment by proceedings in any court of any State or territory of the United States, that, by the statutes of Minnesota as they existed when the defendant became a shareholder, a receiver had no power to collect such an assessment, but subsequently, and before the decree above mentioned, a statute had been passed specifically authorizing a decree giving a receiver such power.· The court of last resort in Minnesota, which had exclusive jurisdiction of the subject matter and of the corporation, on an appeal by certain shareholders other than the defendant from the decree levying the assessment and empowering the receiver to collect it, decided that the corporation was not a corporation organized for the purpose of carrying on any kind of manufacturing or mechanical business, and that the decree levying the assessment was valid. *Held,* that the questions, whether the corporation was or was not one whose shareholders by the terms of the constitutional provision were subject to the assessment, and whether the enlargement of the remedy against the shareholders by the statute enacted after they became such was within the power of the Legislature, being questions already finally determined by a Minnesota court having exclusive jurisdiction of the subject matter and of the corporation, could not be reinvestigated in the courts of this Commonwealth.

A Legislature may enlarge the remedy provided for the enforcement of an existing substantive right, or may provide a new remedy therefor, provided it neither enlarges nor diminishes the right itself.

A court of Minnesota which had jurisdiction of a corporation incorporated under the laws of that State, in a proceeding instituted under local statutory provisions by a creditor of the corporation, appointed a receiver thereof and later, in the same proceeding, in compliance with further local statutes and constitutional provisions, after a hearing levied an assessment upon the shareholders of the corporation for the purpose of paying the debts of the corporation and the expenses of the receivership and of the collection of the assessment, and authorized the receiver to proceed in any court, local or foreign, to enforce the collection of the assessment.    The receiver brought an action in a court of this Commonwealth to enforce the assessment against a Massachusetts shareholder, who

had had no notice or knowledge of the proceedings in the Minnesota courts, and the defendant contended that the decree levying the assessment was not valid as to him because he had neither notice nor knowledge thereof. *Held*, that, as the defendant was a shareholder, service upon the corporation in proceedings to marshal its property for the payment of its debts concluded him; *and* that, there being no allegation that the decrees of the Minnesota court were procured fraudulently, such decrees could not be reviewed in the action in this Commonwealth.

Where, in an action by a receiver of a Minnesota corporation appointed by a Minnesota court against a shareholder residing in a State other than Minnesota or Massachusetts to enforce an assessment authorized by the State constitution of Minnesota in accordance with a remedy provided by a statute which enlarged the remedy that existed when the defendant became a shareholder, the defendant contended that the statute under which the receiver proceeded was unconstitutional because, in violation of U. S. Const. art. 1, § 10, it changed to his detriment an obligation arising out of his contract as a shareholder, and, the question being carried to the Supreme Court of the United States, the defendant's contention was held to be unfounded, this court, in an action brought here by the same receiver to enforce against a Massachusetts shareholder the same decree of the Minnesota court, in which the defendant makes the same contention as to the unconstitutionality of the Minnesota statute, is bound by the decision of the Supreme Court of the United States on the constitutional question.

By proceedings, properly instituted in a Minnesota court by a Minnesota creditor against a Minnesota corporation, a receiver of the corporation's assets was appointed and, under the State constitution and enabling statutes, the court levied an assessment upon shareholders to pay the debts of the corporation and the expenses of the receivership and of the collecting of the assessment, which was less in amount than the maximum assessment possible under Minnesota law, and empowered the receiver to bring actions for its collection in any State where it was necessary so to do, and, on an appeal by shareholders to the highest court of resort in Minnesota, this decree was held to be valid. In an action against a shareholder in this Commonwealth, to collect the amount of the assessment upon the shares held by him, the defendant contended that the expenses of the receivership and of collecting the assessment from other shareholders should not be included in determining the amount of assessment to be levied on his shares. *Held*, that the adjudication of the Minnesota court was binding upon the courts of this Commonwealth in an action brought here by the receiver to enforce the assessment, at least so long as the assessment did not exceed the par value of the shares held by the defendant.

CONTRACT to enforce an alleged liability of the defendant as a shareholder of the Minnesota Thresher Manufacturing Company. Writ in the Superior Court of the county of Suffolk dated August 7, 1903.

There was a hearing before *Fox*, J., without a jury, upon an agreed statement of facts.

In 1874 a corporation was organized under the laws of Minnesota by the name of Seymour, Sabin and Company for the purpose

of carrying on the business of general manufacturing, merchandising and lumber. It acquired and possessed at Stillwater, Washington County, Minnesota, a manufacturing establishment and plant, and manufactured and sold threshing machines and other farm and agricultural machinery and implements. In 1882 it sold all its property and plant to the Northwestern Manufacturing and Car Company, a corporation organized for the "manufacture, building, and sale of steam engines of all kinds, . . . of all kinds of cars, and the fixtures and attachments thereto belonging, . . . of farm implements and machinery of all kinds, and . . . of all articles, implements, and machinery of which wood and iron form the principal component parts, and the manufacture of the materials therein used," and which had preferred and common stock. This Northwestern Manufacturing and Car Company continued the manufacturing business at Stillwater, carrying on the same in the manner in which it had been carried on by its predecessor so far as it related to the manufacturing of threshing machines, agricultural machinery and implements, and added thereto the business of manufacturing cars. Subsequently it became embarrassed and unable to meet its obligations, and in 1884 a receiver was appointed by the District Court of Washington County in the State of Minnesota, who took possession of all its property. A meeting of the creditors of the corporation was held and a new corporation was organized under a statute of Minnesota entitled "An act relating to manufacturing corporations," and named Minnesota Thresher Manufacturing Company, the articles of association stating: "The objects for which this corporation is formed are the purchase of the capital stock, evidences of indebtedness issued by it and the assets of the Northwestern Manufacturing and Car Company, a corporation existing under the laws of the State of Minnesota, or any portion of said capital stock, evidences of indebtedness or assets, and the manufacture and sale of steam engines of all kinds, farm implements and machinery of all kinds, and the manufacture and sale of all articles, implements and machinery of which wood and iron or either of them form the principal component parts, and the manufacture of the materials therein used."

In the letter of the incorporators to the creditors of the North-

western Manufacturing and Car Company, seeking that they subscribe for the stock of the new company in return for the debts owed them by the old, was the statement, "No individual liability attaches to a subscription, and the stock when issued will be full paid and non-assessable."

There were two classes of capital stock of the new corporation, preferred and common. The preferred stock was issued to creditors of the Northwestern Manufacturing and Car Company in return for a cancellation of their claims against that company, and the common stock was issued to holders of preferred stock of that company in return for their stock. The new corporation did nothing from the time of its organization until it purchased the assets of the Northwestern Manufacturing and Car Company, except to issue its stock according to the plan of reorganization and borrow certain sums of money for the necessary expenses of such organization and issue of stock. In 1888, after a sale by the receiver of the Northwestern Manufacturing and Car Company, all the assets of that corporation were conveyed to the new corporation, which thereupon began to transact business, and continued to do so until in December, 1900, when the Massachusetts Loan and Trust Company instituted in the United States Circuit Court for the District of Minnesota proceedings to foreclose a mortgage which it held upon the entire property of the corporation. A receiver was appointed, and, under proper proceedings, a sale was made by him of all the property of the corporation.

In 1901 the Merchants National Bank of Saint Paul, Minnesota, recovered a judgment against the Minnesota Thresher and Manufacturing Company in the District Court for Ramsey County, Minnesota, and, executions having been issued and returned unsatisfied by sheriffs of that and of Washington County, the bank in August, 1901, filed an action in the District Court of Washington County, a State court of record and of general jurisdiction, in which it set forth its judgment, the fact that the corporation had no property, the amount and classes of its outstanding capital stock, and averred that it and all the other creditors of the corporation were without remedy to secure their claims, except through the appointment of a receiver of the corporation who should have authority to sue for

and enforce the liability of the shareholders of the corporation created by the constitution and laws of the State of Minnesota, and prayed for the appointment of such a receiver.

A citation was issued by the court summoning the corporation and requiring it to answer and to serve a copy of its answer upon the bank's attorneys within twenty days. On August 15, 1901, this citation was served upon E. D. Buffington, alleged by the officer who served it to be the secretary of the company. Buffington at once handed the summons to S. Blair McBeath, an attorney at law practising in the courts of the State of Minnesota, and requested him to appear for the corporation in the case.

On August 16, 1901, a decree was entered reciting that it appeared to the court that due notice was given by serving the same upon the defendant and upon S. Blair McBeath, its attorney, and " the parties hereto having duly appeared, . . . and the evidence having been taken . . . and the court having duly considered the matter," decreed that the property of the corporation be sequestrated and appointed Theodore R. Converse (the plaintiff in this action) receiver " with full authority to sue for, collect, recover, compromise, and settle any and all stockholders' liability that may exist under the constitution and laws of the State of Minnesota or otherwise, and to prosecute and sue for the amount of such liability or any assessments that may be made by this court on account thereof for the satisfaction of the claims of the creditors of said defendant, and of the expenses of the administration of this trust, including the fees, allowances, and expenses of said receiver and his counsel, . . . either in the courts of the State of Minnesota or the courts of any other State or territory of the United States, . . . and, in general, to do and perform all acts that in the opinion of said receiver, or that he may be advised, are needful or proper for the enforcement and collection of such assessments and stockholders' liability in any of the courts of the United States or of the various States and territories of the United States."

Buffington, upon whom the citation above mentioned was served, was elected secretary and a director of the corporation at its annual meeting in 1892. That was the last annual meeting held before the citation was served. He did not notify

any of the board of directors that the process had been served upon him or that the suit had been brought. The by-laws of the corporation provided for an election at each annual meeting of a secretary of the corporation, who should hold his office for one year or during the pleasure of the board of directors or until his successor was " duly elected and qualified." They also provided that the " government and management of the affairs of this corporation shall be vested in a board of directors."

Before the foreclosure proceedings instituted by the Massachusetts Loan and Trust Company, Buffington had also been chosen as the general manager of the corporation. There was no evidence of what his duties as such general manager were. In those proceedings he had employed Mr. McBeath, to whom also he handed the citation in the receivership proceedings instituted by the Merchants National Bank. Mr. McBeath had no other authority to represent the corporation.

Buffington was, beside being an officer, a creditor of the corporation in the sum of $65,725.50.

The defendant in this action had been a holder of preferred stock of the Northwestern Manufacturing and Car Company, and, as such, subscribed and became the owner of twenty-eight shares of the common stock of the Minnesota Thresher Manufacturing Company at its organization. This stock he held at the time of the institution of the receivership proceedings against the latter corporation and at the time of the commencement and trial of this action. He never was a resident of Minnesota and was not a party to and did not have any notice or knowledge in fact of the above described proceedings for a receiver or of the ordering of the assessment hereinafter described.

The following provision of the constitution of Minnesota, art. 10, § 3, was in force throughout all the proceedings herein described: " Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him "; and the only method of enforcing such liability at the time when the defendant became a shareholder in the Minnesota Thresher Manufacturing Company and at all the times when the liabilities, to satisfy which the assessment upon the stockholders hereinafter de-

scribed was made, arose, was under the sections of Gen. Sts. of Minnesota of 1894, c. 76, which are summarized in the opinion.

By a decision of the Supreme Court of Minnesota, rendered December 16, 1896, in the case of *Minneapolis Baseball Co.* v. *City Bank*, 66 Minn. 441, that court decided that, under the statutes as they then existed, the shareholder's liability provided by the constitution could not be enforced by a receiver appointed under the sections of Gen. Sts. 1894, c. 76, referred to, and stated in their opinion that it " must be enforced on the application of the creditors . . . except in cases where the statute otherwise provides."

On April 18, 1899, Gen. Laws, c. 272, was enacted by the Legislature of Minnesota. It was entitled an " Act to provide for the better enforcement of the liability of stockholders of corporations," and its provisions, so far as applicable to this case, were that, whenever a receiver for a Minnesota corporation was appointed by a District Court of the State, and he petitioned for a hearing upon the question of an assessment of the stockholders, the court, after a prescribed notice " by publication or otherwise as the court in its discretion may deem proper," should appoint a hearing, hear evidence, determine whether and to what extent the condition of the assets of the corporation rendered an assessment of the stockholders necessary in order that the debts of the corporation and the expenses of the receivership be paid, how much, in view of the probable ability of the various stockholders to respond to the assessment, should be assessed per share, and, if it determined that an assessment was necessary, it was provided in § 3 of the act, " the said court shall thereupon by order direct and levy a ratable assessment upon all parties liable as stockholders, or upon or on account of any stock or shares of said corporation, for such amount, proportion or percentage of the liability upon or on account of each share of said stock as the court in its discretion may deem proper (taking into account the probable solvency or insolvency of stockholders and the probable expenses of collecting the assessment) ; and shall direct the payment of the amount so assessed against each share of said stock to the assignee or receiver within such time thereafter as said court may specify

in said order." Such order was to direct the receiver to collect the amount of the assessment from the parties liable therefor and, if necessary, to prosecute actions " wherever such party may be found, whether in this State or elsewhere." It was provided by § 5: "Said order and the assessment thereby levied shall be conclusive upon and against all parties liable upon or on account of any stock or shares of said corporation, whether appearing or represented at said hearing or having notice thereof or not, as to all matters relating to the amount of and the propriety of and necessity for the said assessment." By § 11 it was provided that, if, " after the payment of all the. expenses of such assignment or receivership, and all indebtedness of and claims against said corporation proved or allowed in said proceedings, there shall remain any surplus money or property in the hands of the receiver, the same shall be distributed, under the direction of said court and in such a manner as may be just and equitable, among those stockholders who have paid the assessments levied against their stock as herein provided." ·

On April 16, 1902, the receiver of the Minnesota Thresher Manufacturing Company filed in the court which appointed him a petition which averred that that corporation, by reason of the foreclosure of its mortgage by the Massachusetts Loan and Trust Company, was " wholly without assets or property of any sort or nature out of which the claims of the creditors of the said defendant or any part of such claims can be paid, collected or realized," set forth in detail the condition of the stock of the corporation, and averred that he had " already incurred a very considerable expense in conducting the examination necessary to properly advise " the court " as to the situation regarding said stockholders and their solvency, and that it is impossible at the present time to determine the expense of administering this trust and collecting the liability of the stockholders for the benefit of the creditors herein, but your petitioner avers that owing to the fact that legal proceedings will have to be instituted in many different States and in many different counties of the different States and against so large a number of stockholders, and in view of the fact that the amount involved in such litigation is large and the responsibility of the same is great, that in considering the amount for which assessment

should be levied a very considerable sum must necessarily be added for the expense of collection and administration," and he therefore prayed "that for the purpose of providing funds for the payment of the expenses of this receivership in the enforcement of such stock liability, and for the payment of the indebtedness of said defendant, as the same may be proved and allowed in this action and proceeding, this court, by its order herein, may direct and levy a ratable assessment upon all parties liable as stockholders of said corporation, or upon or on account of any shares of stock of said corporation for such amount, proportion, or percentage of the liability for or on account of each share of stock, as the court shall deem proper after hearing, as by law provided, and to that end your petitioner prays that this court, by its order, may appoint a time for hearing this petition and the application herein contained, and direct such notice of such hearing to be given as to the court may seem proper."

A proper notice of the hearing on the petition was given and certain stockholders from New England, of whom the defendant in this case was not one, represented by C. P. Searle and J. H. Benton, Jr., Esquires, among other counsel, contested the levying and ordering of the assessment. But the court on December 22, 1902, ordered an assessment of $18 per share on the capital stock of the corporation and that, "in case any person . . . liable as a stockholder . . . shall fail to pay the amount hereby assessed against the share or shares of stock held or owned by such stockholder, . . . within the time hereinbefore specified, said receiver is hereby directed and authorized to forthwith institute and prosecute such action or actions or other proceedings against such person . . . in any court having jurisdiction, whether in this State or elsewhere, which said receiver may deem necessary or proper for the recovery of the amount due . . . under the terms of this order."

The contesting stockholders appealed to the Supreme Court of the State, who, by a decision reported as *Merchants' National Bank* v. *Minnesota Thresher Manuf. Co.* 90 Minn. 144, dismissed the appeal, holding that, in determining whether the corporation was one of those excepted from the terms of art. 10, § 3, of the Minnesota constitution, it was "immaterial that" it "was organized under the statute providing for organizing manufactur-

ing corporations or what the actual intention of the incorporators was, or that the corporation in fact carried on only a manufacturing business, but its articles of incorporation are the sole criterion as to such intention and the purposes for which the corporation was organized "; and that, as to the corporation in question, of the two purposes stated in its articles, the first, " the purchase of the capital stock, evidence of indebtedness and assets " of the Northwestern Manufacturing Car Company, appeared to be independent of the second one, the manufacture of certain things, " nor does it fairly appear, expressly or by necessary implication, from the language of these articles, that such stock and assets were to be purchased only as a necessary incident to the declared purpose of manufacturing all articles which are made of wood or iron, or either of them."

Thereupon the receiver brought this action. The presiding judge on the foregoing facts found for the defendant, and the plaintiff appealed.

*E. P. Howe,* (*B. D. Hyde* with him,) for the plaintiff.

*J. H. Benton, Jr.,* ( *C. P. Searle* with him,) for the defendant.

BRALEY, J. This is an action of contract to recover the amount of an assessment levied upon the defendant as a stockholder in the Minnesota Thresher Manufacturing Company, a foreign corporation, by the laws of whose domicil his liability must be determined. *New Haven Horse Nail Co.* v. *Linden Spring Co.* 142 Mass. 349, 355. Article 10, § 3, of the constitution of Minnesota, provides : " Each shareholder in any corporation, except those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him." If the company comes within the exception, this provision is inapplicable. But, while there is much weight in the defendant's argument that, the mercantile purpose of reorganization having been to take over the assets and to continue the manufacturing business of the old concern, whose creditors were to be paid in preferred stock of the new company, its stockholders are exempt, this question must be· considered as no longer open under the adverse decisions of the Supreme Court of Minnesota, in *State* v. *Minnesota Thresher Manuf. Co.* 40 Minn. 213, and *Merchants' National Bank* v. *Minnesota Thresher Manuf. Co.* 90 Minn.

144.   Inasmuch as that court possessed exclusive jurisdiction of the subject matter and of the corporation, the judicial construction given by it to this section cannot be reinvestigated in our courts, and the judgments therein rendered must be deemed conclusive.   *Van Norman* v. *Gordon,* 172 Mass. 576.   *Harding* v. *Harding,* 198 U. S. 317.   This provision therefore entered into the corporate organization, constituting a part of the contract between the company and the State, and each member, whether he became such at organization or afterwards, assented to this condition imposed for the benefit of creditors.   The obligation, even if created by operation of law, nevertheless was essentially contractual in character, and, if the corporate assets were insufficient to satisfy the debts of creditors, the defendant, while he remained a stockholder, voluntarily had entered into an implied contract to assume the deficiency to the amount of the par value of his holding.   *Howarth* v. *Lombard,* 175 Mass. 570, 574, 575.   *Anglo-American Land Co.* v. *Dyer,* 181 Mass. 593, 595.   *Pulsifer* v. *Greene,* 96 Maine, 438.   *Olson* v. *Cook,* 57 Minn. 552.   *First National Bank* v. *Winona Plow Co.* 58 Minn. 167.   *Whitman* v. *Oxford National Bank,* 176 U. S. 559.   *Bernheimer* v. *Converse,* 206 U. S. 516.   See Cook on Corp. (5th ed.) § 223, n. 2, for a collection of cases.   Compare *McClaine* v. *Rankin,* 197 U. S. 154.   It becomes of no importance to consider the question upon which there is some conflict in the cases, whether the organic law was self-executing without the aid of a specific remedy to enforce it and the defendant who had become bound could have been compelled to perform his promise by suit either at common law or in equity, as a statutory remedy had been provided.   *Willis* v. *Mabon,* 48 Minn. 140.   *McKusick* v. *Seymour Sabin & Co.* 48 Minn. 158.   *Marshall* v. *Sherman,* 148 N. Y. 9.   *Windham Provident Institution* v. *Sprague,* 43 Vt. 502.   Gen. Sts. of Minn. c. 76, §§ 5897, 5905, 5911.

But it was decided in the cases of *Minneapolis Base Ball Co.* v. *City Bank,* 66 Minn. 441, and *Hale* v. *Allinson,* 188 U. S. 56, that, under the equitable remedy provided by this chapter, as the action must be brought in behalf of all creditors against the corporation and delinquent stockholders over whom the court had jurisdiction, the receiver appointed to collect the assessments had no authority by virtue of his office to proceed against non-

resident stockholders in the courts of their domicil. It thus being obvious that, as the law stood, while resident stockholders could be made to respond, foreign stockholders escaped, further legislation was enacted to supplement existing statutes by providing a form of procedure which would remove the jurisdictional difficulty. Gen. Laws of Minn. 1899, c. 272. The authority of the Legislature to enlarge the remedy by which non-residents who were stockholders at the date of enactment could be reached and made to respond must be considered as established by the local decisions in which this statute has been construed. *Straw & Ellsworth Co.* v. *Kilbourne Co.* 80 Minn. 125. *London & Northwest Mortgage Co.* v. *St. Paul Park Improvement Co.* 84 Minn. 144. It is well settled that the Legislature may enlarge the remedy, if the substantive right is left unimpaired. *Danforth* v. *Groton Water Co.* 178 Mass. 472. *Dunbar* v. *Boston & Providence Railroad,* 181 Mass. 383. *Rogers* v. *Nichols,* 186 Mass. 440. *Ewell* v. *Daggs,* 108 U. S. 143. *Campbell* v. *Holt,* 115 U. S. 620. And the defendant, although a non-resident, had acquired no vested immunity from liability upon an unbarred existing contract, simply because, until suitable legal procedure could be provided, the pursuing creditor must turn back at the State line.

By the provisions of the supplemental act, where a receiver had been appointed, the court was authorized to ascertain the probable indebtedness and the value of corporate assets which could be applied in payment. If found inadequate, authority was conferred to levy upon stockholders for the deficit, including the estimated expenses of the receivership and costs of collection. Gen. Sts. of Minn. c. 76, § 5897. Gen. Laws of Minn. 1899, c. 272, §§ 1, 2. It accordingly follows that the plaintiff's right to maintain this suit depends upon the regularity of the proceedings in which decrees were entered appointing him receiver and levying the assessment. If sustained as valid, then the plaintiff, who had become the representative of the creditors, was empowered to enforce in the courts of the defendant's domicil his obligation as a debtor, which attached to and followed his person. *Minnesota Thresher Manuf. Co.* v. *Langdon,* 44 Minn. 37. *St. Louis Car Co.* v. *Stillwater Street Railway,* 53 Minn. 129. *Howarth* v. *Lombard, ubi supra; Howarth* v. *Angle,*

162 N. Y. 179. *Broadway National Bank* v. *Baker*, 176 Mass. 294. *Putnam* v. *Misochi*, 189 Mass. 421. *Hancock National Bank* v. *Farnum*, 176 U. S. 640.

We proceed to consider the requirements, a full compliance with which must be shown before the defendant can be concluded by the decrees. A judgment having been obtained, upon which an execution had issued and been returned wholly unsatisfied, the petitioning creditor then became entitled to have a receiver appointed, who not only should sequestrate and marshal any corporate property applicable to the payment of debts, but thereafter, if such action became requisite, could institute further proceedings to reach and apply as assets the secondary liability of stockholders. Gen. Sts. of Minn. c. 76, §§ 5905, 5906, 5911. Gen. Laws of Minn. 1899, c. 272. *Minnesota Thresher Manuf. Co.* v. *Langdon, ubi supra.* The judgment against the company and the subsequent decree appointing a receiver cannot be collaterally attacked, as the court had jurisdiction, and there is no suggestion that either was fraudulently procured. *Hinckley* v. *Kettle River Railroad*, 80 Minn. 32. *Thayer* v. *New England Lithographic Steam Printing Co.* 108 Mass. 523. *Old Colony Boot & Shoe Co.* v. *Parker-Sampson-Adams Co.* 183 Mass. 557, 566–568. But this decree would have been fruitless, unless the next step could have been taken, as the company appears to have been hopelessly insolvent. By the interlocutory decree which followed upon the receiver's petition, the court granted this further relief, and, being a part of the principal suit, this decree is conclusive, even if entered without affording the defendant an opportunity to be heard personally. He still remained a member, and, in the proceedings to marshal its property and to reach and apply the further security of his liability, the corporation was so far his agent that he must be considered as present by representation for the purposes of the suit. *Howarth* v. *Lombard, ubi supra. Glenn* v. *Williams*, 60 Md. 93. *Hawkins* v. *Glenn*, 131 U. S. 319. *Hancock National Bank* v. *Farnum, ubi supra. Bernheimer* v. *Converse, ubi supra. Hanson* v. *Davison*, 73 Minn. 454, 462. *Merchants' National Bank* v. *Minnesota Thresher Manuf. Co., ubi supra.*

The further argument that the enabling statute was in violation of art. 1, § 10, of the Constitution of the United States,

because it changed to his detriment the defendant's obligation arising out of his contract, requires no comment, as this question, having been directly involved therein, has been conclusively settled against that contention by the decision in *Bernheimer* v. *Converse*, 206 U. S. 516.

But, the decree having included an estimated sum for the probable expenses of the receivership and of collection by suit of the assessment, the defendant argues that this increase forms no part of the amount for which he is answerable.   The suit, to which in all its stages he must be considered a party, was set on foot for the sole purpose of liquidating the indebtedness of the company.   In order to make the remedy effective, the instrumentality of a receiver was indispensable, and the word "expenses" as used in this statute, besides including his compensation, also comprised the entire disbursements required to maintain the principal suit by which the necessity of a resort to the liability of stockholders had been established, and the suits by which, if necessary, the right could be enforced against delinquents.   Gen. Laws of Minn. 1899, c. 272, § 3.   If, by the addition of expenses, the maximum liability of the defendant had been exceeded, a more difficult question would be presented, but as yet this limit has not been reached, and the measure of recovery in the present suit is the assessment levied, including interest from the date when it became due and payable by the terms of the decree.   *Harper* v. *Carroll*, 66 Minn. 487.   *Wheeler* v. *Millar*, 90 N. Y. 353, 362.   *Palmer* v. *Bank of Zumbrota*, 72 Minn. 266. *Bernheimer* v. *Converse, ubi supra.*

The judgment for the defendant must be reversed, and judgment in favor of the plaintiff as receiver is to be entered in the sum demanded in the declaration, with interest from the date of the writ.

*So ordered.*