CARMELA MARANA *vs.* MICHAEL McDONOUGH.

Suffolk.    March 14, 1912. — May 25, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* Employer's liability, Causing death.

At the trial of an action under R. L. c. 106, § 73, by the widow of an employee of the defendant to recover for the employee's death, there was evidence tending to show that at the time of his death the plaintiff's husband was a common laborer employed under a foreman who was subject to the orders of one who on behalf of the defendant was in charge of certain rock blasting operations, that in the course of the blasting of rock the foreman placed an ignition battery too near the place of explosion, which caused a piece of rock to strike and kill the plaintiff's husband, that the defendant had furnished to the foreman sufficient wire to keep the battery placed at a safe distance from the explosion, that the wire at first used on the battery was two hundred feet in length, but that, after being used several times, it had become shortened, by being melted by the explosions and by being cut by rocks, to less than one hundred feet in length at the time of the accident.  *Held,* that there was evidence of negligence of the foreman who could have been found to have been a superintendent of the defendant, that the risk of such negligence was not assumed by the plaintiff's husband, and that it could not be said as matter of law that he was not exercising due care in relying on the skill and judgment of his superior whose orders he was bound to obey.

TORT by the widow of one Michael Marana to recover under R. L. c. 106, § 73, for his death which was alleged to have occurred from his being struck by a rock thrown in blasting while he was in the employ of the defendant, who was building a street railway, and to have been caused by negligence of a superintendent of the defendant in placing an ignition battery too near to the place of explosion.  Writ dated April 24, 1907.

In the Superior Court the case was tried before *Brown,* J.  The

facts favorable to the plaintiff which the jury would have been warranted in finding are stated in the opinion. The witness Seretto was an expert who testified for the plaintiff. There was evidence that Connolly was the superintendent of the entire contract which the defendant was performing, and that Rotondo was a foreman over the plaintiff's husband and others.

At the close of the evidence the judge ordered a verdict for the defendant, and, the plaintiff excepting, reported the case for determination by this court, judgment to be entered on the verdict if the verdict was ordered properly, and otherwise judgment to be entered for the plaintiff in the sum of $1,000.

*W. P. Murray,* for the plaintiff.

*J. A. Lowell, (J. Lowell* with him,) for the defendant.

SHELDON, J. The plaintiff's husband was killed in consequence of being hit by a piece of stone thrown from a blast in a ledge of rock. This was a characteristic danger of his employment; and if nothing more appeared it would have to be held that he had assumed the risk of what happened, and that no action could be maintained therefor against his employer. *Chisholm* v. *New England Telephone & Telegraph Co.* 176 Mass. 125, 127, 128.

But while the evidence was conflicting and certainly would have warranted findings favorable to the defendant's contentions, it yet could have been found that the accident was due to the negligence of the defendant's superintendent in placing the battery which was to set off the charge too near the hole in which the charge had been put. Apparently sufficient wire had been provided to allow the battery to be placed at a safe distance from the charges which were to be exploded; but it could be found that by reason of the melting of the end of the wire, or its being cut by sharp edges of rock, the wire became shorter as it was used in successive explosions. When this accident happened, as could be found, the wire had been shortened in this way from more than two hundred to less than one hundred feet in length, which brought the battery so much nearer the place of the explosion and thus increased the danger from flying stones. Other wire was at hand, and the shortened wire need not have been used. Even without the testimony of Seretto, it could be found that the superintendent was negligent in using so short a wire and thereby exposing Marana to greater injury. The risk of such negligence of a superintendent,

though merely increasing a risk of the employment, is not assumed by a servant. *Malcolm* v. *Fuller,* 152 Mass. 160. *Davis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 532, 536.

While there was evidence that Marana was himself a skilled blaster, fully able to appreciate the increased risk to which he was exposed by the altered position of the battery, there was also evidence that he was merely a common laborer, who might have been justified in relying on the skill and judgment of his superior whose orders he was bound to obey. It cannot be said as matter of law that he was not in the exercise of due care, whatever the weight of the evidence may seem to us to have been.

There was evidence that both Rotondo and Connolly were superintendents within the meaning of R. L. c. 106, §§ 71, 73; St. 1909, c. 514, §§ 127, 129.

The issues should have been submitted to the jury; and under the terms of the report judgment must be entered for the plaintiff in the sum of $1,000.

*So ordered.*