DANIEL HICKEY, executor, *vs.* CITY OF WORCESTER.

Worcester.    October 1, 1912. — November 26, 1912.

Present: MORTON, LORING, BRALEY, & DeCOURCY, JJ.

*Negligence,* Employer's liability, In use of explosives.

In an action against a city under the employers' liability act for causing the death of a workman, who was assisting in the blasting of a rock with dynamite in excavating for a sewer and who had had many years of experience at such work, it appeared that holes for the blasting had been drilled in the rock, into each of which had been put dynamite fitted with an exploder, and that one set of electric wires was used to explode the dynamite in all of the holes simul-

taneously; that after an explosion and before the debris was removed the only way to ascertain whether the dynamite in all of the holes had been exploded was by the condition of the rock; that while the workman in question was clearing away the debris after a blast, when the condition of the rock indicated that all of the dynamite had been exploded, there was an explosion of one piece of dynamite that had been left unexploded. There was no evidence that there was any better exploder in the market than that used by the defendant. *Held,* that the accident was caused by a danger incident to the work which the workman was employed to perform.

In an action against a city under the employers' liability act for causing the death of a workman who was assisting in blasting a rock with dynamite in excavating for a sewer, it appeared that dynamite had been placed in several holes drilled in the rock and had been fitted with exploders to be set off by the use of a single set of electric wires; that the exploder used in one hole had failed to work, and that later the dynamite in this hole had exploded, causing the accident; that the defendant had been using in its work two kinds of exploders, both of which had given trouble by not always exploding. At the time of the accident the defendant was out of one of the kinds, which the foreman in charge preferred, and the other kind was being used. There was no evidence that there was any better exploder in the market than the two kinds in use by the defendant. *Held,* that there was no evidence of negligence of the defendant in failing to provide a suitable exploder.

Permitting a workman in the employ of a city, who is assisting in clearing away debris caused by the blasting of a rock with dynamite in excavating for a sewer, to work until twenty minutes after four on the afternoon of the eighth of December, even if the workman had only one eye, is not in itself evidence of negligence toward the workman on the part of the superintendent in charge of the work.

TORT, under R. L. c. 106, § 71, cl. 1, 2, § 72, for the conscious suffering and death of the plaintiff's testator Francis H. Early, alleged to have been caused by an explosion of dynamite while he was in the employ of the defendant assisting in excavating for a sewer. Writ dated December 3, 1906.

In the Superior Court the case was tried before *Sanderson, J.* Material facts are stated in the opinion. At the close of the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*J. A. Thayer, C. B. Perry & P. D. Howard,* for the plaintiff.

*E. H. Vaughan & C. S. Anderson,* for the defendant.

LORING, J. The facts disclosed by the plaintiff's evidence were substantially as follows: At about twenty minutes after four o'clock in the afternoon of December 8, 1905, the plaintiff's testator with some five or seven other men was at work in a trench removing the debris caused by a blast, when the dynamite in one of

the holes exploded and caused the injuries here complained of. The blast in question had consisted of nine holes; the explosive used was dynamite, and the dynamite was exploded by a cartridge or an exploder put in the dynamite in each hole. One set of electrical wires was used, which connected with each and all the exploders. The condition of the rock after the accident indicated that all of the nine holes had exploded. As the explosions in all the holes that explode are simultaneous, this is the only way of ascertaining, before the debris is removed, whether it is probable that all the holes have exploded. The plaintiff's testator was a workman of many years' experience in blasting; earlier on the same day he had found that the hole next but one to the hole here in question had not exploded, had cut the wires and removed the exploder and the sticks of dynamite originally put in the hole. The foreman of the gang to which the plaintiff's testator belonged and an engineer (who was assistant to the superintendent of sewers and who had charge of sewer construction work in the defendant city) both testified that before this accident they had had trouble with both kinds of electrical exploders used by the defendant city in setting off dynamite blasts, and the foreman testified that he had told the engineer that he preferred the brand not furnished him. It appeared that the defendant did not furnish this kind of exploder for the blast in question, because it was out of exploders of that brand at the time.

It is manifest that the injuries of the plaintiff's testator were caused by a danger incident to the work which he was employed to perform. See *Allard* v. *Hildreth*, 173 Mass. 26. Although there was evidence that the defendant had had trouble with both brands of exploders used by it, there was no evidence that there were any better exploders in the market than these two, and the preference of the foreman for the other brand when trouble had been had with both did not warrant a finding that the city was negligent in using the brand it furnished for this job. This would be so even if the foreman had testified that the reason for his preference was that exploders of this brand were more certain to explode than those of the other brand, and it is to be noted that the foreman did not so testify.

The foreman in his testimony threw out the suggestion that "The trouble was if it was getting along dusk in the afternoon

he couldn't see just as any other man with only one eye. If been another eye perhaps he would have seen this and avoided the accident altogether." But letting an experienced man continue this work until twenty minutes after four in the afternoon on the eighth day of December, even if he had but one eye, would not warrant a finding of negligence. The entry must be

*Exceptions overruled.*