PATRICK COGLIANO *vs.* JAMES H. FERGUSON.

Suffolk.     January 12, 1917. — September 13, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Statute,* Exterritorial effect. *Conflict of Laws. Workmen's Compensation Act. Negligence,* Employer's liability, Explosion of dynamite. *Explosives. Dynamite. Evidence,* Presumptions and burden of proof.

The provisions of St. 1911, c. 751, Part I, § 1, doing away with certain defences in actions for personal injuries sustained by employees in the course of their employment, have no application to personal injuries received by an employee outside this Commonwealth.

In an action for personal injuries sustained in the State of Maine while in the employ of the defendant by reason of the explosion of a charge of dynamite that had been left unexploded in a blasting, it appeared that the plaintiff was employed by the defendant, who was a contractor, as the boss in general charge of the work of constructing a slow sand filter for a water district, but that he had nothing to do with blasting, which was in charge of another employee of the

defendant. The plaintiff testified that he had no special knowledge of blasting and did not know that it was a frequent occurrence for charges of dynamite to fail to explode and that consequently after each blast careful inspection was necessary to see whether every charge was exploded. *Held,* that, if the plaintiff was ignorant of any danger arising from an unexploded charge of dynamite, he did not assume the risk of such a hidden danger, and that, being ignorant of the danger, he could not have been lacking in due care in failing to avoid it.

In the same case it was *said* that, if an employer conducting work in which blasting is necessary chooses to put the blasting in charge of one man and to make another man the boss of every part of the work except the blasting, there is no necessary presumption as matter of law that the general boss knows the peculiar and concealed dangers incident to blasting.

In the same case it was *held* that the defendant might have been found wanting in the performance of his duty to furnish a place free from hidden and unknown dangers in putting an employee, even a boss, at work on a ledge where such a secret peril might be lurking after every large blast without giving him warning in this regard.

In the same case it was *said* that the defendant personally took part in directing the work frequently enough to be held responsible for the method of its conduct, and that, if it was necessary for the safety of the workmen that there should be a rigid system compelling an inspection after the firing of each blast, and there was no inspection, the defendant might have been found negligent in failing to provide inspection.

TORT for personal injuries sustained on December 11, 1914, when the plaintiff was in the employ of the defendant at Gardiner in the State of Maine, by reason of an explosion of dynamite. Writ dated April 12, 1915.

The plaintiff's declaration contained seven counts, but the plaintiff waived all except the first, second and fifth. The first count alleged that the defendant negligently put the plaintiff at work in an unsafe place; the second count alleged that the defendant negligently failed to warn the plaintiff of dangers of which the defendant had knowledge and the plaintiff did not; and the fifth count alleged that the defendant negligently failed to inspect a certain blast after it had been fired, in consequence of which the plaintiff was injured.

The answer contained a general denial and alleged lack of due care on the part of the plaintiff and assumption of risk by him.

In the Superior Court the case was tried before *Chase,* J. The following facts were not in dispute at the trial. In the autumn and winter of 1914 the defendant was doing the excavation and other work in connection with the construction of a slow sand filter for the Gardiner water district. At first dirt and boulders were excavated, and early in November operations had been begun upon

a ledge on the premises, necessitating a good deal of blasting. Before this there was some blasting of small boulders, but, after work on the ledge itself began, there was blasting regularly — one or two blasts every day. There were roughly twenty men engaged on the work, laborers, teamsters, a blacksmith and the man who ran the boiler. The day before the accident there had been a failure of some of the holes to explode, but finally the blast was fired. The following day the men were removing the broken pieces of stone. One of these stones, in size about six or seven feet long and four feet through, was difficult to move. One Miller had a pair of horses attached to this stone with a chain and was endeavoring to move it, and one Luciano and the plaintiff were assisting him by using an iron bar on the stone, when there was a sudden explosion, causing the injuries for which this action was brought. The testimony of the plaintiff and that of the defendant and the nature of the accident are described in the opinion.

At the close of the evidence the defendant asked the judge to make the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. On all the evidence the plaintiff is not entitled to recover on his first count.

"3. On all the evidence the plaintiff is not entitled to recover on his second count."

"6. On all the evidence the plaintiff is not entitled to recover on his fifth count."

"10. On all the evidence the plaintiff was not in the exercise of due care."

"12. On all the evidence the plaintiff assumed the risk of the happening of such an accident as is alleged in his declaration to have taken place."

The judge refused to make any of these rulings, and submitted the case to the jury on the first, second and fifth counts of the plaintiff's declaration in a charge to which the defendant took no exception. The jury returned a verdict for the plaintiff in the sum of $10,000; and the defendant alleged exceptions to the refusal of the rulings requested by him.

St. 1911, c. 751, Part I, § 1, is as follows: "In an action to recover damages for personal injury sustained by an employee in the course of his employment, or for death resulting from personal

injuries so sustained, it shall not be a defence: 1. That the employee was negligent; 2. That the injury was caused by the negligence of a fellow employee; 3. That the employee had assumed the risk of the injury."

*W. B. Luther,* for the defendant.

*W. W. Clarke,* (*C. J. Muldoon, Jr.,* with him,) for the plaintiff.

RUGG, C. J.   This is an action of tort to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant by reason of the explosion of a charge of dynamite left unexploded from a prior blast.   The accident occurred in Maine.   Therefore the rights of the parties are to be settled according to the law of that State unaffected by St. 1911, c. 751, Part I, § 1, of the workmen's compensation act.   Such statutes of this Commonwealth have no force outside our borders.   *Gould's Case,* 215 Mass. 480.   There was no dispute that the law of Maine puts the burden on the plaintiff to prove his own due care and to negative assumption of risk.   Otherwise the case is to be governed by the principles of the common law, which are presumed to be the same in Maine as those prevailing in this Commonwealth. *Lemieux* v. *Boston & Maine Railroad,* 219 Mass. 399.

There was evidence from which it could have been found that the defendant had taken a contract to do excavating for the Gardiner water district in Maine and was at the work in person from time to time, and that a large amount of blasting was required to be done in the execution of the contract; that the plaintiff was boss in general charge of the work, but that he had no special knowledge of blasting and did not know that it was a frequent occurrence for charges to fail to explode and that therefore careful inspection was necessary after the firing of each blast to see that every charge was exploded; and that the plaintiff, although the general boss, had nothing to do with blasting, which was in the charge of another employee of the defendant.   The course of work at the time of the injury was to drill a series of holes in the rock, charge them with dynamite and explode them by a battery. The evidence tended to show that the charge in one hole failed to explode with the others and that it exploded later when the plaintiff was working near by.

However strange it may seem that a boss of such experience as the plaintiff described himself to be should be ignorant of these

facts about modern methods of blasting by the use of dynamite, still the extent of his actual knowledge in this respect was a question of fact, and the case must be considered on the footing that the jury had a right to give credit to the testimony of the plaintiff and to reject other testimony and inferences in conflict therewith. This is not a case where the uncontroverted facts require one conclusion regardless of the oral testimony of a witness.

It must be assumed, therefore, that although the plaintiff was a boss on this class of work, he was ignorant of the danger from unexploded charges. It hardly can be ruled as matter of law that a boss who is in charge of general work under the circumstances here disclosed assumed all risk connected with it in the absence of some express or implied deceit or some conduct tending to mislead the employer. The defendant testified that he talked with the plaintiff before hiring him, as to his experience in blasting, and was given full assurance upon the point, but apparently that was not found to be the fact. If an employer chooses to put blasting in the charge of one man and to make another boss of every part of the work except the blasting, there is no necessary presumption as matter of law that the latter knows the peculiar and concealed dangers attaching to blasting. The plaintiff did not assume the risk of such a hidden danger as an unexploded blast if he was ignorant of any risk arising from that source. Manifestly, if he was ignorant of the fact of hazard of this kind, he was not lacking in due care by working near it.

The defendant might have been found wanting in the performance of his duty to furnish a place free from hidden and unknown danger, to put even a boss at work on a ledge where such a secret peril might be lurking after every large blast, without giving him warning in that respect.

The defendant himself was present frequently enough to be held responsible for the method of the conduct of the work. If it was necessary for the safety of the workmen that there should be a rigid system of inspection after the firing of each blast, and there was no inspection, the defendant may have been found negligent in failing to provide inspection. The case is governed in its crucial aspects by *Hopkins* v. *O'Leary,* 176 Mass. 259, *Hooe* v. *Boston & Northern Street Railway,* 187 Mass. 67, *Byrne* v. *Farnum,* 188 Mass. 219, and *Marana* v. *McDonough,* 212 Mass. 189.

The testimony of the plaintiff as to his state of ignorance of this risk, whatever its weight may seem to be, cannot be characterized as insufficient in law to warrant submitting the case to a jury on the three counts. The case is distinguishable for this reason from *Hickey* v. *Worcester*, 213 Mass. 125, *Allard* v. *Hildreth*, 173 Mass. 26, and similar cases.

*Exceptions overruled.*