PATRICK COGLIANO *vs.* JAMES H. FERGUSON & others.

Suffolk. March 28, 1923. — May 25, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Subrogation. Conflict of Laws. Insolvency. Corporation,* Foreign. *Insurance,* Liability.

An employee, who has obtained a judgment in an action against his employer to enforce the employer's liability for personal injuries resulting from his negligence, has, in a suit in equity against the employer and an insurance company which had insured him against such liability to have the proceeds of such insurance applied under G. L. c. 175, § 113, toward payment of that judgment, no greater rights against the insurance company than has the employer.

In a suit of the character above described, it appeared that the insurance company was a New York corporation and that it had been declared insolvent four months before the plaintiff had obtained his judgment against the employer, and a trust company, with which the insurance company had deposited funds under St. 1915, c. 183, as security for its liability as an insurer under the workmen's compensation act, and also the insurance

commissioner of the State of New York, who, as official liquidator in insolvency of the insurance company had possession of its property under New York statutes, were made defendants. The suit was not brought for more than four years after the company was declared insolvent. *Held,* that

(1) The contract of insurance, having been made with a foreign corporation, included among its implied terms the statutory provisions under which that corporation was organized and under which, upon its becoming insolvent, it could be dissolved and its assets distributed among creditors;

(2) The plaintiff's rights as to the funds held by the trust company under G. L. c. 152, § 62, beyond such as were needed to meet claims against the insurance company under the workmen's compensation act, were subordinate to those of the insurance commissioner of the State of New York under the New York statutes, and could not be reached in such a suit.

It appeared that, before the suit above described was begun, upon application by the plaintiff to the court of New York, a claim there filed with the official liquidator " was discontinued without costs," no dividend having been paid nor distribution ordered, and it *was remarked,* that it must be presumed, even if the liquidator disallowed his claim, that the plaintiff's rights upon his application would be fully recognized and protected by the Supreme Court of New York, which without discrimination as to domicil would distribute the net assets of the company, if any, so that the plaintiff, upon compliance with any precedent requirements, would receive, in common with other general creditors, his proportionate share.

BILL IN EQUITY, filed in the Superior Court on July 21, 1921, to reach and apply under St. 1914, c. 464, toward the satisfaction of a judgment of the Superior Court of this Commonwealth for the plaintiff in an action of tort against his employer, James H. Ferguson, enforcing the liability of such defendant as employer of the plaintiff for personal injuries received in the State of Maine, the rights of such employer against the defendant Casualty Company of America, insurer of the employer against such liability, and to require payment to the plaintiff from funds of such insurer which were in the possession of the defendant State Street Trust Company, with which they had been deposited by the insurer under St. 1915, c. 183.

Francis R. Stoddard, Jr., Superintendent of Insurance of the State of New York and official liquidator of the defendant Casualty Company of America, was made a party defendant.

The suit was heard by *Morton,* J., upon an agreed statement of facts.. Material facts are described in the opinion. The judge ruled as matter of law that the plaintiff's bill

would lie in spite of the liquidation or insolvency proceedings in the State of New York described in the opinion, and that the plaintiff should be allowed to reach and apply that part of the fund in the hands of the State Street Trust Company which was not required to satisfy the claims under the workmen's compensation act, the expense of the State Street Trust Company in administering the fund and its counsel fees arising out of the proceeding. The judge further stated: " A question arising as to what balance, if any, in the hands of the State Street Trust Company would be available to be reached and applied by the plaintiff under my ruling, and it being necessary to have some final decision with respect to the right of the plaintiff to reach and apply any funds in the hands of the State Street Trust Company, I now report the case to the Supreme Judicial Court upon the stipulation that if my rulings are correct, the case is to be remanded to the Superior Court for such decree as under all the circumstances should be entered, and if my rulings are wrong, the final decree is to be made of 'Bill dismissed.' "

*W. W. Clarke,* (*C. J. Muldoon, Jr.,* with him,) for the plaintiff.

*E. C. Stone,* for the defendant Francis R. Stoddard, Jr.

BRALEY, J. The Casualty Company of America, a corporation organized under the laws of the State of New York, issued to the defendant Ferguson, October 6, 1914, a policy of indemnity against loss or damage suffered by him through accidents to his employees as therein stipulated while they were employed in certain work described in the policy. By its terms it furnished insurance not only against loss, but also bound the company to defend actions against the assured during the life of the contract. The plaintiff, an employee, suffered severe injury caused by the negligence of the assured for which he recovered judgment September 17, 1917, for an amount in excess of the limitation of liability stated in the policy. *Cogliano* v. *Ferguson,* 228 Mass. 147. The judgment having been wholly unsatisfied, the plaintiff by force of St. 1914, c. 464, could ordinarily maintain a bill in equity to have the insurance money applied in payment. *Lorando* v. *Gethro,* 228 Mass. 181. But on May 4, 1917,

the company was declared insolvent, and the corporation was dissolved by the Supreme Court of the State of its domicil, and Jesse S. Phillips, superintendent of insurance, who since suit was brought has been succeeded in office by the defendant Stoddard, was directed to take possession of its property, and assets and liquidate the business of the company pursuant to 4 Consol. Laws of N. Y. c. 28, § 63 of the statutes of New York governing proceedings against, and liquidation of delinquent insurance companies.

By cl. 3 of § 63, " The rights and liabilities of any such corporation, and of its creditors, policyholders, stockholders and members, and of all other persons interested in its assets, shall, unless otherwise directed by the court, be fixed as of the date of the entry of the order directing the liquidation of such corporation in the office of the clerk of the county wherein such corporation had its principal office for the transaction of business upon the date of the institution of proceedings under this section." The order of liquidation also vested the superintendent by operation of law, with title to all of the property, contracts and rights of action of such corporation as of the date of the order. The jurisdiction of the court to enter the order or decree is not attacked. It is entitled to full faith and credit in this Commonwealth. *Converse* v. *Ayer*, 197 Mass. 443, 455. See *Folger* v. *Columbian Ins. Co.* 99 Mass. 267. And the parties have stipulated that under the decisions of the courts of last resort of the State of New York, " the title to the property, contracts, and rights of action . . . vested " under the statute and the order of the court in the State Superintendent as liquidator.

By St. 1915, c. 183, the company which also transacted business in this Commonwealth was required under the workmen's compensation act to deposit with a trustee to be named by the industrial accident board an amount equal to twenty-five per cent of its obligations incurred, or to be incurred under policies issued to employers. If the company ceased to do business, the " amounts so deposited shall be available for the payment of the said obligations of the company to the same extent as if the company had continued to transact

business in this Commonwealth, and it shall be the duty of the trustee so receiving said deposits to pay such obligations of the retiring company at the times and in a manner satisfactory to the industrial accident board." Pursuant to the statute the company made a deposit of certain securities with the defendant the State Street Trust Company which has paid out from the fund under certain orders and decrees, and to the liquidator $34,000, leaving substantially $29,030, which the plaintiff, who did not bring suit until July 21, 1921, seeks to reach and apply in so far as necessary in satisfaction of the judgment.

But the plaintiff has no greater interest than that of the assured under whom because of the statute he can assert his right to subrogation. *Lorando* v. *Gethro*, 228 Mass. 181, 185. *Williams* v. *Nelson*, 228 Mass. 191. See Sheldon on Subrogation, (2d. ed.) § 235. And the superintendent succeeded to, and was vested with the title of the Casualty Company, subject only to liens arising under St. 1915, c. 183, and he could enforce his rights in our courts. *Buswell* v. *Order of the Iron Hall*, 161 Mass. 224, 232. *Converse* v. *Ayer, supra.*

The bill is distinguishable from a suit to have the fund " so administered that all claimants should receive their equal ratable shares of the whole property of the corporation, and the court here will, if necessary, protect claimants who are citizens of Massachusetts in their right to receive such shares." *Buswell* v. *Order of the Iron Hall*, 161 Mass. 224, 232, 233.

The " insurance money " referred to in St. 1914, c. 464, § 2, is also the money which would be payable to the assured if he had satisfied the judgment to the extent of the policy. The contract having been made with a foreign corporation, among its implied terms were the provisions of the statute under which it was organized, and could be dissolved, and its assets distributed among creditors. *Howarth* v. *Lombard*, 175 Mass. 570, 579. *Converse* v. *Ayer, supra. Matter of Empire State Surety Co.* 214 N. Y. 553. *Bernheimer* v. *Converse*, 206 U. S. 516. The record does not show that any part of the company's resources were reserved or set

apart for the satisfaction of claims of holders of policies of indemnity which had matured and become payable when proceedings for liquidation and dissolution were begun. We assume that the excess held by the trust company is part of the general assets of the insolvent corporation which can be applied for the benefit of all its creditors, including the plaintiff who should prove his claim as required by the laws of New York.

It appears from the agreed facts, that after the present suit was begun the plaintiff on application to the court was allowed to withdraw his claim filed with the liquidator, and it was " discontinued without costs."   But no dividend having been paid or distribution ordered, it must be presumed even if the liquidator disallowed his claim, that the plaintiff's rights upon his application will be fully recognized and protected by the Supreme Court of New York, which without discrimination as to domicil will distribute the net assets of the company, if any, so that the plaintiff upon compliance with any predecent requirements, shall receive in common with other general creditors his proportionate share.   *Buswell* v. *Order of the Iron Hall, supra.* *Gerding* v. *East Tennessee Land Co.* 185 Mass. 380, 390. *Thornley* v. *J. C. Walsh Co.* 207 Mass. 62.   *Lorando* v. *Gethro, supra.*   *Matter of Empire State Surety Co. supra.*

By the terms of the report a decree is to be entered dismissing the bill.

*Ordered accordingly.*