## FERDINAND FLEISCHER
### v.
## JACOB B. RENTCHLER.

SPECIAL CHARTER—LIABILITY OF STOCKHOLDERS.—Where the charter of a private bank provided that "whenever default shall be made in the payment of any debt or liability contracted by said corporation, the stockholders shall be held individually responsible for an amount equal to the amount of stock held by them respectively," etc., in suit brought after failure of the bank, against a stockholder upon a certificate of deposit. *Held*, that the liability of the stockholders upon the contracts of the bank was coeval with that of the corporation, and that to the amount of their stock the stockholders were bound as partners by such contracts.

ERROR to the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed November 27, 1885.

The plaintiff in error sued the defendant in error in an action of assumpsit, to enforce his personal liability as a stock-

holder in the People's Bank of Belleville, under the provisions of the charter of that corporation. Vol. 1, Pr. Laws, 1869, page 194.

By the 9th section of that act it is provided that "whenever default shall be made in the payment of any debt or liability contracted by said corporation, the stockholders shall be held individually responsible for an amount, equal to the amount of stock held by them respectively, and such liability shall con-tinue until three months after an assignment of the stock, and publication of a notice thereof in a newspaper published in said city of Belleville."

The indebtedness of the bank to Fleischer was evidenced by a certificate of deposit as follows :

### CERTIFICATE OF DEPOSIT.

The People's Bank of Belleville.           Capital $100,000.
No. 16,344.                      BELLEVILLE, ILL., May 15, 1877.

Ferdinand Fleischer has deposited in this bank four hundred dollars, payable to the order of himself on the return of this certificate one year after date, with interest at the rate of seven per cent. per annum for the time specified.
E. D. USNER, Cashier.        SEBASTIAN FIETSAN, President.

In April, 1876, the bank made an assignment to one Penn, and ceased to do business.    To a declaration averring the facts necessary to show the personal liability of the defendant as a stockholder, he pleaded the Statute of Limitations of five years, to which plaintiff demurred, and the court overruling the de-murrer, he abided and suffered final judgment to go against him for costs, and then removed the record into this court by writ of error.

Mr. WILLIAM C. KUEFFNER, for plaintiff in error; cited Meisser v. Thompson, 9 Bradwell, 368 ; Gauch v. Harrison, 12 Bradwell, 457; Thompson v. Meisser, 108 Ill. 359 ; Bu-chanan v. Meisser, 105 Ill. 638.

Mr. CHARLES W. THOMAS, for defendant in error.

PILLSBURY, P. J.    The only question arising upon this rec-

ord for our determination is presented by the action of the court below in holding that the Statute of Limitations of five years bars the action.

The defendant in error insists that the cause of action disclosed by the declaration brings the case within § 15 of the general Statute of Limitations, while the plaintiff in error contends it is governed by § 16 of the same act. By § 15, all actions on unwritten contracts, expressed or implied, must be brought within five years after the cause of action accrued, and § 16 permits an action on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing to be brought within ten years after the cause of action accrues. .

Two different periods are thus fixed within which an action may be brought for the breach of contract, not dependent upon the name or character of the action by which the obligation is to be enforced, but upon the kind of proof required to sustain the action, whether written or unwritten. If this certificate of deposit be a written contract, or other evidence of indebtedness in writing binding upon the stockholders as a primary obligation, either by their own act or by operation of law, it would clearly seem that it would fall within the class of actions named in § 16, and not be barred until ten years after it became due and payable.

Whether it be thus obligatory upon the stockholders of the corporation issuing it depends upon the effect that should be given to the ninth section of the charter, preserving the personal liability of the stockholders in favor of outside creditors of the bank.

In what character and to what extent are they bound to respond as individuals for the debts of the corporation by virtue of this provision?

This, and kindred provisions in other charters, have been so often before our Supreme Court and there construed, as to render any extended discussion of its effect upon the liability of the stockholders by us unnecessary. In Fuller v. Ledden, 87 Ill. 310, the action was brought against a stockholder to recover the amount of certain moneys deposited in the Bank

of Chicago, an institution organized under a special act, and which provided that " each stockholder shall be liable to double the amount of stock held or owned by him," and the Supreme Court, after referring to the decisions in other States construing like provisions, says : " From these authorities it is apparent that the stockholders assumed the primary liability to creditors of the corporation to pay the indebtedness of the company to an amount equal to double the amount of stock held by each stockholder. When a debt was contracted by the corporation the liability of the then stockholders attached, and from that moment they became bound in the same manner and with like effect as if they had been doing business as partners unincorporated, except under the act the liability of each stockholder is limited to double the amount of stock held or owned by him." It was further held that when the money was deposited in the bank, the stockholder, under the charter, became the debtor of the depositor, and he could not release himself without the consent of the depositor, without selling his stock and ceasing to be a member of the corporation, and that even this would not release him for liabilities incurred while he was a member. Following this is the case of McCarthy v. Lavasche, 89 Ill. 270, where the same provision again came before the court in a like case, and the stockholder set up the unconstitutionality of the act of incorporation as a defense, and the court held the stockholder estopped from relying upon such objection, and held, that independent of all constitutional questions, each shareholder, became liable under the charter as articles of copartnership, as it operated as an agreement by each subscriber to be liable to creditors to double the amount each subscribed. The provision in the charter of the People's Bank of Belleville was construed in Buchanan v. Meisser, 105 Ill. 638, where it was held to have the effect of withdrawing from the stockholders, to an amount equal to the amount of stock held by them respectively, the protection of the corporation, and leave them liable as partners; and again in Thompson v. Meisser, 108 Ill. 359, where the same doctrine is re-asserted, the court holding that the conclusion to be derived from an exam-

ination of the decided cases is, that " the stockholders, with respect to their personal liability under a provision of this kind, are in effect partners, and are consequently jointly and severally liable to the creditors of the corporation, exclusive of the stockholders themselves, to the amount of stock held by them respectively."

From these decisions it is clear that the stockholders of the bank, as members of the corporation, did not acquire the benefits and advantages accruing from an unqualified act of incorporation, in that they were not relieved or exempted from liability for the defaults and miscarriages of the corporation. They were allowed by law to do a banking business, to sue and be sued, and to contract debts and liabilities in the name of and by and through the agency of an incorporated company; but the same act provided that they should at the time of the creation of the debt by the corporation be absolutely bound as individuals, to the amount of their stock, to discharge such debt, in the first instance through the medium of the agency adopted by them for the transaction of their business, but if they make default in this regard then they should respond as individuals composing a partnership.

Their liability as partners was no less absolute and fixed at the inception of the debt or obligation, because the law allowed them to incur it and discharge it through the corporation. It was none the less *their* liability because of the means employed in fixing the terms by which they were bound. So long as the stockholders, collectively, through this legal entity, the corporation, complied with all its contracts creating liabilities against it and them they were allowed to conduct business in this manner, but upon default in this respect the act of incorporation no longer afforded them any protection, and they were remitted to the common law liabilities of members of a partnership under articles of agreement equivalent to the terms of the statute under which, as a corporation, they conducted their affairs. If these stockholders had formed a partnership under a contract identical in terms with the charter incorporating them, and had commenced doing business

Fleischer v. Rentchler.

under the name and style of the People's Bank of Belleville, and by that name had contracted debts for money deposited, can it for a moment be doubted that they would be liable as original promisors, at least to the extent named in the articles of copartnership? Wherein would this method of doing business make their liability any greater than the one actually adopted by them, when by the default of the corporation all the protection afforded by the latter mode is withdrawn from them? These stockholders, to the amount of their stock, are, by force of the statute as construed by our courts, upon the default of the bank, placed in exactly the same position regarding the debts and liabilities created by the corporation, that they would occupy if they were unincorporated, and had themselves incurred the liability as members of a partnership.

Their liability upon the contract was coeval with that of the corporation; both became bound at the same time and by the same contract— the bank as an incorporation, they as partners —with definite and separate interests represented by the amount of stock held by them respectively, and thus limited, their liability upon the contract creating the indebtedness was co-extensive with that of the corporation incurring it, upon their as well as its own behalf. Their obligation becoming thus fixed and absolute to discharge the debts and liabilities of the corporation according to the terms and conditions of the contract creating them, it seems to legally and logically follow that their liability would continue so long as the debt is a subsisting obligation against the corporation, and they still hold stock of the corporation not yet applied to the discharge of such debts and liabilities. Were this not so, the anomalous case would be presented of a statute making these stockholders liable as partners upon the contracts of the corporation at the time of their inception, and yet stand discharged from such original liability from the mere lapse of time, while the indebtedness is confessedly not paid, but is still a valid claim against their representative, the corporation, and will so continue for years. This result could not certainly have been contemplated by the legislature in enacting this

provision preserving the personal liability of the members of the company. The object of the legislature clearly was to make them liable for the debts of the corporation in the way and manner the same were contracted, the act of incorporation not availing them in the least, if they made default to comply with the contracts thus entered into through its agency.

By operation of the statute the contracts of the corporation became their contracts, upon which they were primarily liable, in case of such default, according to the terms of the contract and to the extent provided for by the charter. We are of the opinion that their liability is co-extensive with that of the co-operation upon the contracts legally entered into by it, and are consequently bound to respond so long as the contract is existing as an evidence of indebtedness against it, and that they can interpose no defense to such original liability not equally available to the corporation. They may, of course, show that they have in good faith paid the debts of the corporation to the amount of stock held by them, and thus discharge themselves from any further liability, but that defense is not relied upon here. The certificate of deposit, set forth in the pleadings in this case, is an evidence of indebtedness in writing, equally binding upon the defendant, under the facts alleged in the declaration as upon the corporation issuing it, and as it is valid against the corporation for ten years, after it became due and payable, no less time will bar an action against the defendant below, for the money due upon it. Cases have been referred to as holding different views from those here expressed, but giving the decisions of our court the effect that we think, logically flows from the relations of the parties as therein determined, we can reach no other or different conclusion than that such cases can not have the controlling influence claimed for them. For the reasons given, we think the court erred in overruling the demurrer and the judgment will be reversed, and the case remanded.

Judgment reversed.