J. F. MERRILL *et al.* v. MARY E. L. PRESCOTT.

No. 13,301. ( 74 Pac. 259.)

SYLLABUS BY THE COURT.

1. CORPORATIONS—*Contribution Among Stockholders—Not a Question for Jury.* An action for contribution by a stockholder of an insolvent corporation against all of the other resident, solvent stockholders, in which it is claimed that certain of the stockholders are insolvent and others are non-residents of the state, asking for an apportionment of the liabilities of the resident, solvent stockholders and a personal judgment against each for his porportionate share of such liabilities, is an equitable action, and the defendant stockholders are not, as a matter of right, entitled to a jury.

2. ———— *Only Solvent, Resident Stockholders to be Counted.* In determining the liability of the defendant stockholders in an action for contribution by a stockholder of an insolvent corporation, all insolvent and non-resident stockholders should be ascer-

tained and excluded, and the computation made only between the solvent, resident stockholders.

3. —————— *Consideration for Stock Not Material.* Where an action for contribution is brought by one who has paid more than his share of the debts of an insolvent corporation, the fact that the stockholder who sues for contribution turned into the corporation lands at a price greatly in excess of their real value and received in payment therefor stock of the corporation is not material, especially when it is not claimed that the transaction was in bad faith or fraudulent.

4. —————— *Payments by Stockholder to Creditors—Proper Credit.* Where a stockholder of an insolvent corporation, under an agreement with the creditors of the corporation, pays a certain amount upon each share of his stock and obtains from such creditors a full release of his liabilities as a stockholder, such release is a defense in an action for contribution only to the extent of the amount actually credited on the judgment by reason of such payment.

Error from Saline district court; R. F. THOMPSON, judge. Opinion filed November 7, 1903. Affirmed.

*T. L. Bond, C. W. Burch,* and *Garver & Larimer,* for plaintiffs in error.

*John D. Milliken,* and *David Ritchie,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The parties to this litigation were stockholders in the Lone-star Plaster Company. The Farmers' National Bank of Salina recovered a judgment against this corporation for $6835.22, upon which an execution was issued and returned *nulla bona.* The Salina National Bank also recovered a like judgment for $3127.08 upon which an execution was issued and returned *nulla bona.* Such proceedings were thereafter had in both cases against Mary E. L. Prescott as resulted in the issuance of executions against her as a stockholder for the balance remain-

ing due on such judgments, which aggregated about
$3800. She paid the balance of the judgments to pro-
tect her property from sale, and then brought this
action against all the resident, solvent stockholders in
the Lone-star Plaster Company for contribution, al-
leging that certain of the resident stockholders were
insolvent and certain other stockholders were non-
residents of the state. She recovered judgment against
each one of the solvent, resident stockholders for his
proportionate share of the amount she had paid on
said executions. From this judgment the defendants
prosecute error.

It is claimed that the court erred in overruling the
separate demurrers of the defendants to the plaintiff's
petition. The allegations of the petition were in many
respects very meager and it seems not to have been
drawn with that fulness and exactness which the na-
ture of the proceeding demanded. However, it is not
so entirely wanting in any of the particulars challenged
as to be said that it was error to overrule the demur-
rers.

The defendants each demanded a jury trial, which
was refused, and this is claimed as error. It is strongly
urged that this was an action for the recovery of money
within the meaning of section 266 of the civil code
(Gen. Stat. 1901, § 4713), and therefore the parties
were entitled to a trial by jury. It was more than
an action for contribution ; it was brought to deter-
mine the insolvency of certain of the stockholders;
the non-residence of others, and to have the liabilities
of the corporation which had been paid by the plain-
tiff equitably apportioned between herself and the
solvent, resident stockholders, and for a separate
judgment against each for his equitable proportion
of such liabilities. There is no contractual relation

49—67 KAN.

between the stockholders of a corporation whereby they agree to contribute one to the other in case one has been compelled to pay more than his proportion of the liabilities of the corporation. Such actions are not on contract, but are in their nature equitable. In *Wells v. Miller*, 66 N. Y. 255, 258, the court said :

"The right to contribution between cosureties depends upon principles of equity rather than upon contract. It is well settled that the liability exists, although the sureties are ignorant of each other's engagement. . . . The equity springs out of the proposition that, when two or more sureties stand in the same relation to a principal, they are entitled equally to all the benefits, and must bear equally all the burdens of the position. In such a case the maxim 'equality is equity' applies."

In the Encyclopedia of Pleading and Practice, volume 20, page 765, we find the following :

"Where stockholders have been sued on their liabilities for corporate indebtedness, and have paid such indebtedness, their remedy for contribution from the other stockholders for their proportion of the debt can, as a general rule, be enforced in a court of equity only."

The same principle was announced in *Easterly v. Barber*, 66 N. Y. 433. On page 439 the court said :

"It is claimed that an action at law by a surety for contribution must be against each of the sureties separately for his proportion, and that no more can be recovered, even where one or more are insolvent. In the latter case, the action must be in equity against all the cosureties for contributions, and, upon proof of the insolvency of one or more of the sureties, the payment of the amount will be adjudged among the solvent parties in due proportion. The principle stated is fully sustained by the authorities. It is thus stated, in Parsons on Contracts (vol. 1, page 34) : 'At law a surety can recover from his cosurety an

aliquot part, calculated upon the whole number, with-
out reference to the insolvency of others of the co-
sureties ; but in equity it is otherwise.'  .  .  .
There seems to be a propriety in the rule that where
sureties are called upon to contribute, and some of
them are insolvent, that all the parties should be
brought into court and a decree made upon the equita-
ble principles in reference to the alleged insolvency.
.  .  .    The action here was not of this character ;
nor were all the proper parties before the court.    It
was clearly an action at law, and in that point of view,
as we have seen, the plaintiff could only recover for
one-fourth of the debt for which all the sureties were
liable.    The distinction between the two classes of
actions is recognized by the decisions.''

In an equitable proceeding brought by the creditor
of an insolvent corporation against all of the stock-
holders for the debts of the corporation, the defend-
ants would be liable for their *pro rata* proportion of
the debts, excluding from the computation all insolv-
ent and non-resident stockholders.    The creditors of
the corporation could not be forced into another juris-
diction to collect their debts against non-resident
stockholders while there were stockholders financially
responsible and liable within the jurisdiction of the
court.    In the present case we think the same princi-
ple applicable in its fullest extent.    The plaintiff's
remedy for contribution is against the resident, solv-
ent stockholders.    They cannot force her into another
jurisdiction to recover the debt due her.    ( *Security
Ins. Co. v. St. Paul Ins. Co.*, 50 Conn. 233 ; *Acers v.
Curtis*, 68 Tex. 423, 4 S. W. 551 ; *Liddell v. Wiswell*,
59 Vt. 365, 8 Atl. 680 ; *Boardman v. Paige*, 11 N. H.
431 ; *Gross v. Davis*, 87 Tenn. 226, 11 S. W. 92, 10
Am. St. Rep. 635 ; *Easterly v. Barber*, 66 N. Y. 433.)

It appears that J. H. Prescott and E. W. Dow were
either the owners of, or had a lease for, certain lands

in Texas, on which it was supposed there were deposits of gypsum suitable for the manufacture of merchantable plaster. For the purpose of manufacturing this material the Lone-star Plaster Company was incorporated, with a capital stock of $75,000, by J. H. Prescott, E. W. Dow, J. F. Merrill, C. B. Kirtland, M. M. Briggs, and Linda Clarkson. Before anything further was accomplished J. H. Prescott died. Thereafter Mary E. L. Prescott, as the widow of J. H. Prescott and guardian of the Prescott children, and Dow leased the Texas land to the corporation in consideration of a certain royalty agreed to be paid and a bonus of $40,000 of stock in the corporation. Afterward the plaintiff and Dow sold this stock at $60 per share to the other named members of the corporation. Besides these shares Mary E. L. Prescott owned 113 shares of stock.

It is contended that the land which was turned over by the Prescott estate and Dow at $40,000 was not worth to exceed $12,000; that this was all they paid for the stock, and before plaintiff could have contribution she should be charged for her stock at the same rate the defendants paid. There was some evidence tending to show that the value of the land did not exceed $12,000. The trial court was asked to make a special finding as to the value of this land at the time it was turned over to the company by the Prescott estate and Dow, which was refused, and this is alleged as error. It is not claimed, and there was no evidence introduced to show, that the transaction between the Prescott estate and Dow in fixing the price of the land, and the corporation in accepting it at the price and upon the conditions fixed, was fraudulent. If not fraudulent, but in good faith, the refus-

ing to find the actual value of the land was wholly immaterial, and therefore not error.

The creditor banks offered to give a full release to all stockholders who would pay an amount equal to $8 on each share.   Some of the defendants availed themselves of this opportunity and received their release in full.   The stockholders who paid contend that by reason of having paid and received this release they are not liable to the plaintiff for contribution. The court in its computation as between the plaintiff and such paying stockholders gave them credit for the amount actually paid, with interest from the date of payment.   Thus it will be observed that they were not required to pay more than their equitable proportion of the liabilities of the corporation.   All of the stockholders of an insolvent corporation, as between themselves, are liable for an equitable proportion of the debts of the corporation, based upon the number of shares of stock owned by each, and a release purchased from a creditor of the corporation for less than a full payment of all liability will not operate to relieve a stockholder from contribution to one who has paid more, except to the extent of the amount actually credited on the judgment by reason of such payment. The basis of computation thus adopted by the court was an equitable apportionment of the liabilities of the corporation between stockholders.   Of this no complaint can be justly made.

There are some other questions presented in the argument by plaintiffs in error, but upon an examination we do not find that any error was committed.

The judgment of the court below is affirmed.

All the Justices concurring.

BURCH, J., not sitting.