BLACK HAWK PUTNAM *vs.* JAMES MISOCHI & others.

Suffolk.　March 27, 1905. — November 27, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Equity Jurisdiction,* To compel contribution. *Corporation.*

A stockholder of a corporation organized under the laws of another State, who has been forced to pay a judgment against the corporation under a statute of the State in which the corporation was organized, can maintain a suit in equity against other stockholders similarly liable to compel contribution, and in such a suit it does not matter that the plaintiff after satisfying the judgment made no demand upon the corporation and took no action against it under a statute of the other State.

BILL IN EQUITY, filed as substituted by leave of court on June 5, 1900, by a stockholder of the Blackman Book Sewing Machine Company, a corporation organized under the laws of the State of Maine, who had been forced to pay a judgment against that corporation, as stated in the opinion, against other stockholders of that corporation, for contribution.

In the Superior Court the case was heard by *Fessenden, J.,* who found certain facts, which are stated sufficiently in the opinion, and reserved the case for determination by this court, such decree to be entered as equity and justice might require.

*H. V. Cunningham,* for the plaintiff.

*A. H. Russell,* (*G. Libby* with him,) for certain defendants.

KNOWLTON, C. J. This is a bill in equity brought against certain stockholders of a corporation organized under the laws of Maine, to obtain contribution towards the payment of a judgment against the corporation, made by the plaintiff, under a liability created by the statutes of that State. The plaintiff failed to make full payment for his subscription to the capital stock of the corporation, and was therefore liable for the corporate debts, under the Rev. Sts. of Maine, c. 46, §§ 37, 38, 44, 45, 46 and 47, to an amount equal to the sum left by him unpaid. For the same reason each of the defendants was equally liable for these debts. Each had subscribed for the same number of shares of the capital stock, and had made the same payment for them.

It is a familiar principle that, when several parties are equally liable for the same debt and one is compelled to pay the whole of it, he may have contribution against the others to obtain from them the payment of their respective shares. This right to contribution is not founded upon contract, but upon a principle of natural equity and justice. To use the language of the court in *Aspinwall* v. *Sacchi*, 57 N. Y. 331, 335, " The doctrine of contribution rests on the principle that when the parties stand in *equali jure*, the law requires equality which is equity, and one of them shall not be obliged to bear the burden in ease of the rest. It is founded, not on contract, but on the principle that equality of burden as to common right, is equity. And the obligation to contribute arises from the nature of the relation between the parties." See also *Stone* v. *Fenno*, 6 Allen, 579; *Cary* v. *Holmes*, 16 Gray, 127; *Ray* v. *Powers*, 134 Mass. 22; *Merrill* v. *Prescott*, 67 Kans. 767; 1 Story Eq. Jur. 493, 495; 7 Am. & Eng. Encyc. of Law, (2d ed.) 363. The principle has long been applied to the liability of stockholders in corporations for the corporate debts. In Cook on Corporations, (5th ed.) § 211, we find the law stated as follows: " A court of chancery will compel subscribers to pay in full the amount of their unpaid subscriptions if the corporate indebtedness make it necessary, leaving them to seek contribution from the other stockholders. The rule, however, is well settled that a stockholder who has been compelled to pay more than his proportion of the debts of the company may maintain an action against his

co-stockholders for contribution." The neglect of a subscriber for stock to pay for it in full is not a tort, which deprives him of his right to contribution; but it leaves him in the position of a surety, who is liable for a debt equally with other sureties. *Nickerson* v. *Wheeler*, 118 Mass. 295. This is recognized in the numerous suits for contribution by stockholders which are sustained by the courts.

This case is, therefore, one of a common class, in which a plaintiff's right to relief is plain, unless there is something peculiar in the facts that the corporation was established in another State and that the original liability arose under the laws of that State. In this respect there is nothing in this case materially different from the liability, under the laws of other States, which has been enforced repeatedly by this court in other cases. While this liability for corporate debts is statutory in terms, it is contractual in its nature. In this respect it is like the liability referred to in *Broadway National Bank* v. *Baker*, 176 Mass. 294; *Howarth* v. *Lombard*, 175 Mass. 570; *Hancock National Bank* v. *Ellis*, 172 Mass. 39; *Whitman* v. *Oxford National Bank*, 176 U. S. 559; *Hancock National Bank* v. *Farnum*, 176 U. S. 640; *Flash* v. *Conn*, 109 U. S. 371. Such a liability, unless an exclusive mode of enforcing it under local laws is prescribed by the statute, is enforceable anywhere. If we assume, without deciding, that the remedy by a bill in equity, prescribed by the Rev. Sts. of Maine, c. 46, § 47, is only by a suit brought in that State, this same section permits an action at law against a single stockholder. In view of the decisions above referred to, we see no good reason why such an action may not be brought in any State where a stockholder is found. But whether it may or may not, the action in this case was brought against the plaintiff in Maine, and he was compelled to pay the amount of the judgment previously recovered against the corporation. The liability which he thus met was properly enforceable against him, and it gave him a right of contribution against other stockholders who are under the same liability, which right rests on broad principles of equity. It is a right which he carries with him into any State where he invokes the aid of the courts against other stockholders. There is nothing in the origin or nature of the liability on which the suit against

him was founded, that deprives him of the remedy in equity which belongs to one who has paid more than his proper proportion of a debt for which others are equally holden. For other cases bearing upon the general subject, see *Allen* v. *Fairbanks*, 45 Fed. Rep. 445; *Moxham* v. *Grant*, [1900] 1 Q. B. 88; *Richter* v. *Henningsan*, 110 Cal. 530; *Bell* v. *Farwell*, 176 Ill. 489; *Buchanan* v. *Meisser*, 105 Ill. 638, 644.

The fact that the plaintiff, after satisfying the judgment, made no demand upon the corporation and took no action against it, under the Rev. Sts. of Maine, c. 46, § 49, does not affect his right to contribution.

The contribution should be decreed against the solvent defendants who are within this jurisdiction. *Wood* v. *Leland*, 1 Met. 387. *Cary* v. *Holmes*, 16 Gray, 127. *Merrill* v. *Prescott*, 67 Kans. 767. 7 Am. & Eng. Encyc. of Law, (2d ed.) 341 *et seq.*

*Decree for the plaintiff.*