AMERICAN SPIRITS MANUFACTURING COMPANY *vs.* CHAUNCY
ELDRIDGE & others.

Suffolk.    March 23, 24, 1911. — September 6, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Corporation,* Liability of stockholder.   *Contract,* What constitutes.   *Equity Pleading and Practice,* Parties.

A statute of another State, providing for the incorporation of associations " organized for the purpose of constructing railways, maintaining and operating the same," contained the following provision : " Each stockholder of any corporation formed under the provisions of this act shall be held individually liable to the creditors of such corporation to an amount not exceeding the amount unpaid on the stock held by him, for any and all debts and liabilities of such corporation, until the whole amount of the capital stock of such corporation so held by him shall have been paid." *Held,* that one, who voluntarily became an original stockholder in such a corporation and did not pay for his shares, was liable to a creditor of the corporation, in an action of contract brought in this Commonwealth; on proof of those facts and of the debt of the corporation to the plaintiff, although the plaintiff had obtained no judgment against the corporation, the liability being made direct by the statute and not enforceable through the corporation.

In a suit in equity under R. L. c. 159, § 3, cl. 7, to reach and apply equitable assets in the hands of divers defendants alleged to be held for the benefit of the principal defendant, it appeared that the debt from the principal defendant consisted of his liability under a statute of another State as a stockholder of a corporation organized in that State to the plaintiff as a creditor of such corporation, and that the language of the statute made the principal defendant directly liable to the plaintiff on proof that the plaintiff was such a creditor of the corporation and that the principal defendant was a stockholder who had not paid for his shares, without showing that any judgment had been obtained against the corporation. *Held,* that neither the corporation nor other delinquent stockholders were necessary parties to the suit, and that there was no occasion for the appointment of a receiver to wind up the affairs of the corporation and distribute its assets, so that the plaintiff could have recovered from the principal defendant in an action of contract, had not the reaching and application of equitable assets given ground for equitable relief.

BILL IN EQUITY, filed in the Supreme Judicial Court on October 3, 1910, under R. L. c. 159, § 3, cl. 7, by the American Spirits Manufacturing Company, a corporation organized under the laws of the State of New York, against Chauncy Eldridge of Needham, William H. Tucker, S. Reed Anthony and Nathan Anthony of Boston, Philip L. Saltonstall of Milton, the Binghamton Light, Heat and Power Company, a corpora-

tion organized under the laws of the State of New York, the Northwestern Power Company, a corporation organized under the laws of the State of Maine, the Hartford and Springfield Street Railway Company, a corporation organized under the laws of the State of Connecticut, the Manchester Traction, Light and Power Company and the Manchester Street Railway Company, corporations organized under the laws of the State of New Hampshire.

The allegations and prayers of the bill were as follows:

" 1. And the plaintiff says that the Peoria Belt Railway Company is a corporation organized on or about September 5, 1901, under an act of the General Assembly of the State of Illinois, entitled ' An Act to provide for the incorporation of associations that may be organized for the purpose of constructing railways, maintaining and operating the same; for prescribing and defining the duties and limiting the powers of such corporations when so organized; and authorizing the same and all railroad companies of this State to own and hold the stock and securities of railroad companies of other States owning connecting lines,' having a capital stock of $100,000, divided into one thousand shares of the par value of $100 each; and that at some time to the plaintiff unknown, but before February 1, 1902, the said Peoria Belt Railway Company issued nine hundred and ninety-four shares of its capital stock to the defendant, Chauncy Eldridge, and the defendant Chauncy Eldridge has, since the time when said shares of stock were issued to him, continuously held said shares and still holds them; and from some time before February 1, 1902, to the present time the defendant Chauncy Eldridge has continuously been a stockholder of the Peoria Belt Railway Company; and the plaintiff says that neither the defendant Chauncy Eldridge at any time, nor any person on behalf of the defendant Chauncy Eldridge, or for his account, paid to the Peoria Belt Railway Company any money, or any property of value, or any amount whatsoever, for or on account of the stock issued to or held by the defendant Chauncy Eldridge in the Peoria Belt Railway Company, as aforesaid; and the Peoria Belt Railway Company has not at any time received from any source whatever any money, or any property of value for or on account of the shares of stock in the Peoria Belt Railway Company issued to or held

by the defendant Chauncy Eldridge, and the shares of stock in the Peoria Belt Railway Company issued to or held by the defendant Chauncy Eldridge have not been paid; and the plaintiff says that on or about February 1, 1902, the plaintiff and the said Peoria Belt Railway Company entered into a certain contract [a copy of which was annexed to the bill and incorporated by reference], whereby the plaintiff, in consideration of the promises of the Peoria Belt Railway Company, leased to the Peoria Belt Railway Company certain premises as described in said agreement, to have and to hold from the first day of February, 1902, to the twenty-third day of July, 1912, on the terms and conditions stated in said agreement; and the Peoria Belt Railway Company, in consideration of the said lease and of the promises of the plaintiff set forth in said agreement, agreed to pay to the plaintiff, as rent for the demised premises, the sum of $60,911.23, in instalments, all as set forth in said agreement, and made certain other promises with reference to the occupation and use of said premises; but although all times have elapsed, and conditions happened, and all things on the plaintiff's part to be done to entitle it to the performance of the promises of the Peoria Belt Railway Company under the said agreement have been done, yet the Peoria Belt Railway Company has neglected and refused, and still neglects and refuses, to fulfil its promises as stated in said agreement, to the great damage of the plaintiff, and especially has neglected and refused, and still neglects and refuses, to pay to the plaintiff the moneys in the nature of rent which have become due since January 16, 1909, amounting to $9,610; and the plaintiff says that under the statute of the State of Illinois hereinbefore referred to it is provided (§ 16) [§ 17] 'Each stockholder of any corporation formed under the provisions of this act, shall be held individually liable to the creditors of such corporation to an amount not exceeding the amount unpaid on the stock held by him, for any and all debts and liabilities of such corporation, until the whole amount of the capital stock of such corporation so held by him shall have been paid,' and under the laws of the State of Illinois each stockholder of the Peoria Belt Railway Company is severally, individually, and directly liable to each creditor of the Peoria Belt Railway Company to an amount not exceeding the amounts unpaid on the stock held

by him; and the amount unpaid on the stock in said Peoria Belt Railway Company held by the defendant Chauncy Eldridge is $99,400; and the obligation of the Peoria Belt Railway Company under the said agreement was on February 1, 1902, and at all times since has been, a debt and liability of the Peoria Belt Railway Company; and the defendant Chauncy Eldridge owes the plaintiff the amount due to the plaintiff from the Peoria Belt Railway Company under the said agreement.

" 2. The defendants Chauncy Eldridge, William H. Tucker, S. Reed Anthony, Nathan Anthony and Philip L. Saltonstall, as copartners, are engaged in business as bankers and brokers in said Boston under the name and style of Tucker, Anthony and Company, and have partnership property of large value, the exact nature of which is to the plaintiff unknown, and the interest of the defendant Chauncy Eldridge in said partnership property cannot be come at to be attached or taken on execution in an action at law.

" 3. The defendant Chauncy Eldridge owns stock, bonds, or other interest in the defendant Binghamton Light, Heat and Power Company, and the interest of the defendant Chauncy Eldridge in said stock, bonds, or other interest cannot be come at to be attached or taken on execution in an action at law.

" 4. The defendant Chauncy Eldridge owns stock, bonds, or other interest in the defendant Northwestern Power Company, and the interest of the defendant Chauncy Eldridge in said stock, bonds, or other interest cannot be come at to be attached or taken on execution in an action at law.

" 5. The defendant Chauncy Eldridge owns stock, bonds, or other interest in the defendant Hartford and Springfield Street Railway Company, and the interest of the defendant Chauncy Eldridge in said stock, bonds, or other interest cannot be come at to be attached or taken on execution in an action at law.

" 6. The defendant Chauncy Eldridge owns stock, bonds, or other interest in the defendant Manchester Traction, Light and Power Company, and the interest of the defendant Chauncy Eldridge in said stock, bonds, or other interest cannot be come at to be attached or taken on execution in an action at law.

" 7. The defendant Chauncy Eldridge owns stock, bonds, or other interest in the defendant Manchester Street Railway

Company, and the interest of the defendant Chauncy Eldridge in said stock, bonds, or other interest cannot be come at to be attached or taken on execution in an action at law.

" Wherefore the plaintiff prays,

" 1. That his debt against the defendant Chauncy Eldridge may be established and declared."

There were thirteen other prayers, relating to the application to the payment of the alleged debt of the defendant Eldridge to the plaintiff of that defendant's interest in the firm of Tucker, Anthony and Company, and of his interest in the alleged equitable assets in the hands of the other defendants.

The defendant Eldridge demurred to the bill, assigning causes of demurrer as follows :

" 1. The facts alleged in the plaintiff's bill do not entitle the plaintiff to any relief in equity against this defendant.

" 2. It does not appear from the bill that all the creditors of the Peoria Belt Railway Company are parties to this proceeding.

" 3. It does not appear from the plaintiff's bill that this proceeding is brought by one creditor of the Peoria Belt Railway Company for the common benefit of all its creditors.

" 4. That the Peoria Belt Railway Company is not a party to this proceeding.

" 5. It does not appear that all the shareholders of the Peoria Belt Railway Company are parties to this action.

" 6. It does not appear that all the shareholders of the Peoria Belt Railway Company, whose shares are not fully paid, are parties to this action.

" 7. It appears from the bill that one of the issues presented for determination is whether the shares of stock alleged to belong to the defendant have been fully paid, which issue involves the administration of the internal affairs of a foreign corporation and questions of its relations to its shareholders, of which this court does not take jurisdiction.

" 8. That the bill fails to set forth facts sufficient to give this court jurisdiction of the controversy.

" 9. That it does not appear from the bill that any judgment has been recovered by the plaintiff against the Peoria Belt Railway Company."

The case was argued on the demurrer before *Hammond, J.,*

who made an order that the demurrer be overruled, from which the defendant Eldridge appealed. The justice reported the case as follows:

"It is manifest that the trial of the issues of fact may be protracted and expensive, and may be avoided should the demurrer be finally sustained.

"It appearing to be a matter which ought, before further proceedings, to be determined by the full court if either party so requests, I now, at the request of the defendant, report the cause upon the demurrer to the bill for the consideration and determination of the full court; such orders or decrees to be entered as justice and equity may require."

T. Hunt, for the defendant Eldridge.

J. B. Studley, for the plaintiff.

BRALEY, J. The defendants have demurred, and the question is, whether the bill, the allegations of which are admitted, states a case. It is alleged, that, by the laws of Illinois providing for the incorporation of associations " organized for the purpose of constructing railways, maintaining and operating the same, . . . Each stockholder of any corporation formed under the provisions of this act, shall be held individually liable to the creditors of such corporation to an amount not exceeding the amount unpaid on the stock held by him, for any and all debts and liabilities of such corporation, until the whole amount of the capital stock of such corporation so held by him shall have been paid." The defendant became a stockholder in a corporation organized under this act, and the nature and measure of his liability to corporate creditors is to be defined and determined by the language of the statute. It must affirmatively appear in a suit to enforce the statute that the corporation is indebted to the plaintiff, and that the defendant stockholder, while the holder, has failed either partially or wholly to pay into the treasury of the corporation the capital represented by the shares issued to him at its organization. Kelly v. Killian, 133 Ill. App. 102, 107. These essential requirements are complied with by the allegations of the existence of an unsatisfied indebtedness of the corporation to the plaintiff for instalments of accrued rent, and that, with the exception of six shares, the entire capital stock consisting of one thousand shares of the par value of

$100 each, for which he has not paid, were issued to the defendant and have been continuously held by him.

But the defendant contends that, before he can be made responsible, judgment for the debt must be obtained against the corporation. The liability imposed is contractual. *Putnam* v. *Misochi,* 189 Mass. 421, 423. *Converse* v. *Ayer,* 197 Mass. 443, 453, and cases cited. *Converse* v. *Nichols,* 202 Mass. 270, 274. *Bernheimer* v. *Converse,* 206 U. S. 516. The corporation came into existence by virtue of the statute, and its stockholders were charged with notice of the provisions of the act, which was equivalent to a charter of incorporation. In voluntarily joining as an original stockholder, the defendant must be presumed to have known, that if he did not pay for his shares, creditors could compel him to pay to them the money he justly should have contributed to its capital for the stock he had received, and which would have enhanced its assets. *Converse* v. *Ayer,* 197 Mass. 443. The justice and expediency of the statute are not before us. Its evident purpose is to give a direct remedy to the creditor to obtain payment for his debt out of the unpaid capital, and in no event can the defendant be made to pay more than he owes. *Fleischer* v. *Rentchler,* 17 Ill. App. 402. *Hatch* v. *Dana,* 101 U. S. 205. If this liability had been made enforceable through the corporation, a judgment against it would have been indispensable before the stockholder could be reached. *E. Remington & Sons* v. *Samana Bay Co.* 140 Mass. 494, 496. *Train* v. *Marshall Paper Co.* 180 Mass. 513. By the statute, however, a judgment not having been required, none is necessary. The defendant's liability instead of having been made secondary, as provided in the foreign statutes involved and construed in *Hancock National Bank* v. *Ellis,* 166 Mass. 414, *Broadway National Bank* v. *Baker,* 176 Mass. 294, and *Bearse* v. *Mabie,* 198 Mass. 451, is expressly declared to be unconditional under the law of the place of contract, which must control. *Electric Welding Co.* v. *Prince,* 195 Mass. 242. *Hager* v. *Cleveland,* 36 Md. 476. *Gebhard* v. *Eastman & Gibson,* 7 Minn. 56. *Trippe* v. *Huncheon,* 82 Ind. 307. *Morrow* v. *Superior Court,* 64 Cal. 383. *Liverpool & Great Western Steam Co.* v. *Phenix Ins. Co.* 129 U. S. 397.

The suit for the creditor's benefit furthermore is not made

dependent upon either the joinder of other delinquent stock-holders or of the corporation, or the appointment of a receiver to wind up the affairs and distribute the assets, and, if contribution from his co-stockholders and the remedy over against the corporation are deemed by him valuable rights, the defendant can establish and enforce them by appropriate proceedings. *Cary* v. *Holmes,* 16 Gray, 127. *Putnam* v. *Misochi,* 189 Mass. 421. *Montgomery Door & Sash Co.* v. *Atlantic Lumber Co.* 206 Mass. 144, 157. *Allen* v. *Fairbanks,* 45 Fed. Rep. 445.

If an exclusive remedy for the enforcement of the liability had been provided by the statute, it would have to be followed, and might not have been adapted to our remedial law. But if the remedy is not prescribed, the statutory personal liability of a stockholder according to our recent decisions may be enforced by any appropriate legal procedure of the State of his domicil. *Hancock National Bank* v. *Ellis,* 172 Mass. 39. *Putnam* v. *Misochi,* 189 Mass. 421, 423. *Converse* v. *Ayer,* 197 Mass. 443, and cases cited. See also *Perkins* v. *Church,* 31 Barb. 84; *Aldrich* v. *Anchor Coal Co.* 24 Ore. 32; *Hatch* v. *Dana,* 101 U. S. 205; *Flash* v. *Conn,* 109 U. S. 371; *Whitman* v. *Oxford National Bank,* 176 U. S. 559. The adjustment of equities, if any, between the corporation and its stockholders, or between the stockholders themselves, not being a preliminary requirement, the plaintiff could have sued in an action of contract, but as the bill seeks to reach and apply property of the defendant which cannot be seized on execution, it can be maintained for the establishment of the debt, and for equitable relief. *Hancock National Bank* v. *Ellis,* 172 Mass. 39. *Broadway National Bank* v. *Baker,* 176 Mass. 294. *Flash* v. *Conn,* 109 U. S. 371. R. L. c. 159, § 3, cl. 7.

A majority of the court is of opinion that the decree overruling the demurrer should be affirmed.

*Ordered accordingly.*