HENRY C. LONG *vs.* JOSEPH H. SYMONDS.
SAME *vs.* JAMES L. LEA.

Suffolk.     November 13, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Bills and Notes,* Validity.     *Contract,* Consideration.     *Corporation,* Foreign.
*Conflict of Laws.     Statute.*

Section 2 of c. 127 of the Public Laws of 1909 of Maine, providing that "any person . . . who shall . . . sell, transfer or put upon the market any stocks" of a corporation, the charter of which, in accordance with the other provisions

of the act, has been suspended for non-payment of its franchise tax, "shall be subject to a fine . . . for the benefit of the State," is penal in character, and has no extraterritorial effect, and a promissory note, which was made and was payable in this Commonwealth and was received here in payment for the transfer of shares of the capital stock of such a corporation, neither of the parties to the transaction knowing at the time that the charter of the corporation had been suspended, is not rendered invalid by the statute.

DE COURCY, J. The consideration for the note in suit was the sale and transfer of shares of stock in a Maine corporation, from the plaintiff in his individual capacity as a stockholder, to the makers, Symonds and Lea. At the time when the shares were transferred and the note was given, the charter of the corporation had been suspended for about one month for non-payment of taxes, by virtue of the provisions of c. 127 of the Public Laws of 1909 of the State of Maine. The entire transaction between the parties took place in this Commonwealth; and the fact of the suspension of the charter was not known to either of them. The only question of law involved is whether the consideration of the note was illegal, and the plaintiff is precluded from recovery thereon, by reason of the Maine statute referred to.

Chapter 127 reads as follows: "Be it enacted by the People of the State of Maine, as follows:

"Section 1. The secretary of state shall prepare a list of all corporations, giving the corporate name, the name of the treasurer last filed in the office of the secretary of state, and the amount of the annual franchise tax due for the year nineteen hundred and seven, except those which have been duly excused as provided by statute or dissolved by decree of court, which have not paid their franchise tax for the year nineteen hundred and seven, which list shall be published three times for three consecutive weeks in the month of July, nineteen hundred and nine, in three places within the state of Maine, namely; Bangor, Augusta and Portland, in such newspaper in each place as the secretary of state may select. The charter of any corporation so advertised which shall fail to pay said franchise tax, and the expenses of advertising the same on or before the first day of December, in the year of Our Lord, nineteen hundred and nine, shall be suspended, and such corporation shall have no right to use the same. A charter so suspended may be revived by payment of all franchise taxes and expenses of advertising as aforesaid due from the cor-

poration at the time of such payment. Any corporation where the charter shall have become suspended as aforesaid, shall continue liable for its yearly franchise tax, but while its charter is suspended as aforesaid, no notice relating to said franchise tax need be sent to the corporation by any state officer. The data covering the avoiding of said charter, to wit: The fact of the publication of the same and the dates thereof, and the avoidance of said charter by reason of such publication, and the failure to pay said overdue franchise tax as herein provided, shall be so entered upon the corporation records of the state and be certified by the secretary of state as evidence of the suspension of the charter of such corporation. That the sum of five hundred dollars be and hereby is appropriated to pay the expense thereof.

"Section 2. Any person or persons who shall undertake to do business, or do business of any kind in behalf of any such corporation, or shall hold out such corporation as doing business, or shall sell, transfer or put upon the market any stocks or other evidence of indebtedness whatsoever of any such corporation while the charter remains suspended as herein provided, shall be subject to a fine of three hundred dollars for the benefit of the state."

We do not deem it necessary to consider whether § 2, on which the defendants rely, was intended to apply to the sale of shares by individual stockholders in the ordinary course of private business dealings. Even if so construed, it is a sufficient answer to the defendants' contention to say that the statute is penal in character, enacted for the collection of the annual franchise tax due to the State of Maine, and that it has no extraterritorial effect. *Commonwealth* v. *Green,* 17 Mass. 515. *State Tax on Foreign-Held Bonds,* 15 Wall. 300. *Wisconsin* v. *Pelican Ins. Co.* 127 U. S. 265. *In re Ebbs,* 150 N. C. 44. It differs in character from statutes that impose quasi-contractual liabilities upon stockholders with respect to the creditors of a corporation and so create an infirmity that runs with the stock. *American Spirits Manuf. Co.* v. *Eldridge,* 209 Mass. 590, and cases cited. 33 L. R. A. (N. S.) 895, note. 3 Ann. Cas. 1120, note.

The note in suit was made and payable in this State, and its validity, as affected by the legality of the consideration, must be determined by the law of Massachusetts. It is not contended that

any fraud was practiced by the plaintiff; and he is entitled to recover the price agreed on for the stock regardless of what it was worth. *Hunting* v. *Downer*, 151 Mass. 275. In accordance with the terms of the report* judgment is to be entered for the plaintiff for $500, with interest at six per cent on $250 from January 5, 1911, and on $250 from January 5, 1912.

*So ordered.*

*J. L. Burns,* for the plaintiff.

*H. H. Winslow,* (*H. J. Winslow* with him,) for the defendants.