Williams, J.,
 

 dissenting. Contribution is an equitable doctrine grounded upon the maxim, “equality is equity.” It is of general application in all cases where two or more parties are liable for exactly the same debt and stand in
 
 aequali jure,
 
 provided, of course, there is no other principle applicable which would, render the relief inequitable.
 

 In
 
 B. & O. Rd. Co.
 
 v.
 
 Walker,
 
 45 Ohio St., 577, at page 588, the court quotes with apparent approval from 2 Wait’s Actions & Defenses, 288: “ ‘The doctrine of contribution rests upon the broad principle of justice, that where one has discharged a debt or obligation which others were equally bound with him to discharge, and thus removed a common burden, the others who have received a benefit ought in conscience to refund to him a rateable proportion. It depends rather upon principles of equity than of contract. * * *
 
 *398
 
 From the equitable obligation the law implies a contract, since all who have become jointly liable may reasonably be considered as mutually contracting among themselves with reference to the duty in conscience.’ ” The same passage is emphasized in
 
 Assets Realization Co.
 
 v.
 
 Am. Bonding Co.,
 
 88 Ohio St., 216, at page 253.
 

 It is stated in
 
 Thorsen
 
 v.
 
 Poe,
 
 123 Ark, 77, 81, 184 S. W., 427, 428: “It is a familiar principle that where several parties: are equally liable for the same debt, or bound to the discharge of an obligation, and one is compelled to pay or satisfy the whole of it, he may have contribution against the others to obtain payment for their respective shares.” It is said in
 
 Asylum of St. Vincent de Paul
 
 v.
 
 McGuire,
 
 239 N. Y., 375, 382, 146 N. E., 632, 634, 38 A. L. R., 1214, 1217: “And of these principles no one is more explicit and outstanding than the one that where the situation of parties is equal and one has borne more than his just share of the common burden he is entitled to contribution from others who have been dealt with more fortunately.” In
 
 Putnam
 
 v.
 
 Misochi,
 
 189 Mass., 421, 422, 75 N. E., 956, 957, 109 Am. St. Bep., 648, 649, the following language is used: “It is a familiar principle that, when several' parties are equally liable for the same debt and one is compelled to pay the whole of it, he may have contribution against the others to obtain from them the payment of their respective shares. This right to contribution is not founded upon contract, but upon a principle of natural equity and justice.
 

 The same principle is sustained in
 
 Ellis
 
 v.
 
 Chicago & N. W. Ry. Co.,
 
 167 Wis., 392, 167 N. W., 1048;
 
 Owens
 
 v.
 
 Greenlee,
 
 68 Colo., 114, 188 P., 721, 9 A. L. R., 1184;
 
 Aspinwall
 
 v.
 
 Sacchi,
 
 57 N. Y., 331; 6 Ruling Case Law, 1036, Section 2, and 1054, Section 17.
 

 ■ There are other cases holding that contribution is not based on contract but arises out of the equities of
 
 *399
 
 the case.
 
 Case
 
 v.
 
 McKinnis,
 
 107 Ore., 223, 213 P., 422, 32 A. L. R., 167.
 
 In re Toole,
 
 274 Fed., 337, 24 A. L. R., 470;
 
 Wait
 
 v.
 
 Pierce,
 
 191 Wis., 202, 209 N. W., 475, 48 A. L. R., 276;
 
 Blankenhorn - Hunter - Dulin Co.
 
 v.
 
 Thayer,
 
 199 Cal., 90, 247 P., 1088, 48 A. L. R., 797;
 
 Asylum of St. Vincent de Paul
 
 v.
 
 McGuire, supra.
 

 While it would afford equality to compel contribution between wrongdoers, it is a general l-ule that contribution will not be allowed in the case of joint tortfeasors for the reason that chancery will leave wrongdoers where it finds them in accordance with the equitable maxim: “He who comes into equity must come with clean hands.”'
 

 However, in some cases it has been held that there may be contribution between tort-feasors where the parties seeking relief have not committed wanton or intentional wrong.
 
 Acheson
 
 v.
 
 Miller, 2
 
 Ohio St., 203, 59 Am. Dec., 663;
 
 Ellis
 
 v.
 
 Railway Co., supra; Horrabin
 
 v.
 
 City of Des Moines,
 
 198 Iowa, 549, 199 N. W., 988, 38 A. L. R., 554; 13 Corpusl Juris, 829, Section 20. Nevertheless what is said in this opinion is based upon the theory that joint tort-feasors cannot have contribution.
 

 While the doctrine of contribution has been most frequently applied to co-sureties it is not limited to that relationship. 5 Pomeroy Equity Jurisprudence (2nd Ed.), 5170, Section 2339.
 

 In the instant case the liability of the insurance companies was not in the nature of suretyship, for the surety when compelled to pay the debt may recover over from the principal. The obligation of the insurance companies to protect their insured arose out of the separate contracts of insurance and by statute each was liable directly to the judgment creditor for the amount of the judgment. It is the statutory obligation which is involved here and if the one insurancei company which paid more than the other to the judgment creditor stood in the shoes of anyone, it was in those
 
 *400
 
 of the judgment creditor. However, the authorities are to the effect that contribution is not based on subrogation. Obviously this is true because the underlying principles of the two remedies are different. In the case of thei subrogated debtor he may recover the full amount of the debt to which he is subrogated. In contribution equity restores equality. The insurance companies were in no sense wrongdoers but were bound by lawful contract each to his insured and by statute both to the judgment creditor! Contribution in the instant case would make them bear the statutory burden equally.
 

 It would seem that both insurance companies stand in equal right and are liable exactly for the same debt and that the plaintiff in the trial court came in with clean hands. To the writer there seems to be no good reason why the rule that prevents contribution between two joint tort-feasors should be carried'to such an extent as to prevent the insurer of one tort-feasor from enforcing contribution against the insurer of the other tort-feasor, after a joint judgment ha§ been rendered as in this case. Wrongdoers are tainted; the insurance company here has clean hands. Where the reason for the rule fails, the rule also should fail.
 

 In
 
 Royal Indemnity Co.
 
 v.
 
 Becker,
 
 122 Ohio St., 582, 173 N. E., 194, 75 A. L. R., 1481, it was held that contribution would not lie. However it may be urged in distinction that in that case the parties did not stand in equal right. The insurer of one joint tort-feasor was seeking contribution from the other joint tortfeasor and it is apparent that the rights of the parties thereto were wholly different. For instance there was no mutuality of. remedy, in that a joint tort-feasor, who has paid more than his share of a joint judgment, cannot have contribution from the insurer of another jointly liable on such judgment for the same tort.
 

 For these reasons it is the judgment of the writer that the contribution should lie.